**In re HOWELL & KING CO.**

**No. 8732.**

District Court, M. D. Pennsylvania.
June 13, 1936.

John Memolo, of Scranton, Pa., for petitioner.

C. Raymond Bensinger, of Stroudsburg, Pa., for trustees of Howell & King Co., debtor.

JOHNSON, District Judge.

This case is before the court on a petition to review an order of the referee in bankruptcy dismissing a petition of the Royal Bottling Company, Inc.

The Royal Bottling Company, Inc., presented a petition to the referee which averred that the debtor brewing company, which filed a petition for reorganization, has been ordered to liquidate its assets; that prior to the reorganization proceedings the debtor by written contract with the petitioner agreed to sell to petitioner its product with the exclusive right to petitioner to distribute the products in a certain territory, in consideration of which petitioner agreed to secure the debtor for the return of its packages and to secure payment for products delivered to petitioner; that in pursuance of said contract petitioner deposited $2,000 as security; that petitioner is now indebted to the debtor corporation in the sum of $1,233. The petitioner prays that it be allowed to set off its indebtedness against the $2,000 deposit and that the trustees of the debtor deliver the debtor's products to an amount equal to the balance of the deposit.

Answers to the petition were filed by the trustees of the debtor. The answer of P. F. Joyce, former president of the debtor and a party to the contract in question, averred that the $2,000 was not deposited as security under the contract but was loaned to the Howell & King Company and stock of the company in the par value of $2,000 was delivered to petitioner as security for said loan. The answer of the other trustees averred in substance that they did not know whether the $2,000 was deposited in pursuance of the contract, but that on or about the time of the delivery of the $2,000 a certificate of Howell & King Company stock in the par value of $2,000 was issued to petitioner and that petitioner never returned said stock certificate.

The referee took testimony and found that the $2,000 "which was paid to the Howell & King Company was not a loan to the said company or an advancement but was paid for the stock certificate issued in the name of the Royal Bottling Company, Incorporated," and accordingly dismissed the petition. The petitioner then filed its petition to review on the ground that there was no evidence to support the findings of the referee.

At the hearing before the referee the only evidence introduced by the debtor was the checks of petitioner and the stock issued to it. The petitioner's testimony is all to the effect that it did not purchase the stock, and accordingly the court is of the opinion that there is no evidence to show that petitioner purchased Howell & King stock in the par value of $2,000.

According to the contract which required the giving of security, the allegations of the petition, and according to the supporting evidence, the $2,000 check given as security under the contract was a trust fund.

The petitioner prays that the claim of $1,233 due the debtor be set off against this trust fund of $2,000, and that the bal-

ance, $767, be paid or returned to the petitioner as a preferred claim. According to the finding and opinion stated above, this prayer of the petitioner should be granted. 11 U.S.C.A. § 108.

And now, June 13, 1936, it is ordered that the Royal Bottling Company be and hereby is granted a set-off against the debtor in the sum of $1,233, and the trustees of the Howell & King Company, debtor, are hereby ordered to pay to the petitioner, the Royal Bottling Company, the sum of $767.