## GRIP NUT CO. v. SHARP.
## No. 8554.

Circuit Court of Appeals, Seventh Circuit.

Nov. 8, 1944.

Rehearing Denied Dec. 18, 1944.

Francis Heisler and Stanley F. Evans, both of Chicago, Ill., for appellant.

Russell Wiles and George A. Chritton, both of Chicago, for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

The amended complaint alleged a controversy arising under the patent laws of the

United States in that defendant charged plaintiff with an infringement of Patents Nos. 2,008,229; 2,024,070; 2,024,071; 2,047,455; 2,021,279; 1,976,694; and 2,024,069, and plaintiff averred that defendant had asserted that certain products sold by plaintiff were covered by United States Letters Patent which are defendant's personal property. Plaintiff denied that it has infringed any patents belonging to defendant and prayed for a declaratory judgment confirming plaintiff's right to continue its manufacture free from any claim of infringement by defendant. The complaint was dismissed for want of jurisdiction, but on appeal the judgment of dismissal was reversed, 7 Cir., 124 F.2d 814. Pending appeal, Minnie E. Sharp asserted she owned Patents Nos. 1,976,694 and 2,024,069. An amendment and supplement to the complaint was filed joining Minnie E. Sharp as a party defendant.

On March 18, 1942, defendant moved to dismiss the complaint, stating inter alia, that "defendant has not at any time prior to the filing of this action or during the prosecution of the same, and does not now hold any right, title or interest to patents covering products made or marketed by complainant corporation"; that Patents Nos. 1,976,694 and 2,024,069 were the property of the estate of William E. Sharp, deceased; that since he is not an heir [legatee] of the deceased, he had not and could not charge their infringement and he never would charge plaintiff with infringing these patents. The motion to dismiss was denied and defendant was ordered to answer the complaint within twenty days.

Thereafter on April 6, 1942, defendant filed his verified answer, in which he denied that he had ever charged plaintiff with selling or manufacturing any article that infringed upon any patent belonging to him; alleged that plaintiff never manufactured or sold any article under five of the patents mentioned in the complaint, and particularly denied that the plaintiff owned or was licensed to manufacture or sell any product under Patents Nos. 1,976,694 and 2,024,069.

After the issues were joined, defendant informed the court of his impending call to the armed forces of the United States and asked for an early trial, but no order setting the case for trial was entered until October 28, 1942, when the court ordered the case set for trial on February 1, 1943. In the meantime, defendant had entered upon the performance of his military duties and on December 28, 1942, he advised the court through his attorney that it would be impossible, because of his service in the United States Army, to attend the trial of the case on the date set for trial. Thereafter, because defendant was a member of the military forces, the case was continued from time to time. On November 1, 1943, plaintiff suggested to the court "as a way to get the case into a condition where the court could force a trial and could put pressure on John H. Sharp to get leave from the army and attend as a witness," the case "could be expedited if it were disposed of on the pleadings as to John H. Sharp." The court adopted the suggestion, and solely upon the pleadings, entered a decree, that is to say, a summary judgment.

No opinion was rendered and, apart from the general statement presently to be noted, the court made no findings. The decree recited that "Defendant * * * in his motion to dismiss, in his answer, and in the answer of Minnie E. Sharp which he has adopted by reference, disclaims all title to and rights under any patents covering plaintiff's operations.

"The Court, therefore, finds the plaintiff has not infringed any patents of John H. Sharp or any rights owned by him arising under patents and is free and clear of all liability to John H. Sharp for patent infringement," and enjoined defendant "from threatening or suing * * * for patent infringement or claiming or asserting that plaintiff has infringed any patents owned by him or any rights owned by him arising under patents." The decree also ordered that plaintiff shall recover its costs. To reverse the decree, defendant appeals.

In support of the decree plaintiff argues that the pleadings conclusively proved that prior to the commencement of the instant suit, defendant claimed Patents Nos. 1,976,694 and 2,024,069 were his personal property and that he demanded that plaintiff cease its manufacture and sale of its products covered by the patents in question; that when defendant disclaimed all interest in any patents covering any products sold by plaintiff, the proper disposition of the case, as to him, was to enjoin him from making like infringement charges in the future.

It is then argued that Minnie E. Sharp in her answer alleged that on December 6, 1940, three days before the commencement of this suit, John H. Sharp had written a

**520**

letter to plaintiff in which he claimed that the patents in question were his personal property and demanded that plaintiff discontinue the manufacture and sale of its products covered by the patents. It is then claimed that the record discloses that John H. Sharp adopted the answer of Minnie E. Sharp, including the admission that he had claimed the patents as his personal property, thus admitting that he claimed that the patents in question were his personal property. Our study of defendant's answer discloses that defendant in his answer, in answer to the first and second paragraphs of the amendment and supplement to the complaint, stated that he "refers the court to the answer of his co-defendant." Even so, since defendant denied that plaintiff owned or was licensed to manufacture or sell any products under Patents Nos. 1,976,-694 and 2,024,069, there yet remained the question of whether the plaintiff was in fact the owner of the patents in question.

Upon this state of the record, the court in entering the decree, did so in violation of Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that a motion for summary judgment shall be granted only if the pleadings, depositions, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Here, the amended complaint alleged that plaintiff was the owner of the patents. This was a material fact. This allegation was specifically denied by defendant's answer. Thus, there was an issue of fact. Because there was such an issue of fact presented by the pleadings, the court erred in entering the decree.

The decree of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.