## ROGERS v. GIRARD TRUST CO.
### No. 10306.

Circuit Court of Appeals, Sixth Circuit.
Feb. 7, 1947.

240

Russell Saxby, of Columbus, Ohio (Benoy, Saxby & Sebastian. and Cecile J. Shapiro, all of Columbus, Ohio, on the brief), for appellant.

James Elder, of Cincinnati, Ohio (Taft, Stettinius & Hollister, John W. Hudson, and James L. Elder, all of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The appellant, a resident of Columbus, Ohio, brought an action for money damages in Ohio against the appellee, a trust company resident of Pennsylvania, and the sole surviving successor trustee of a testamentary trust under which the appellant is one of the beneficiaries.

Theodore G. Wormley, a resident of Philadelphia County, Pennsylvania, died January 3, 1897, leaving a will, the pertinent portions of which are as follows:

"Fourth, I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed in possession and in expectancy whatsoever and wheresoever unto my friend P. Webster Huntington—in trust nevertheless to collect, receive and recover the rents, income and profits thereof, and to invest and reinvest in good securities the principal thereof and to pay one third of the net income thereof unto each one of the following named persons: to my wife Anne E. Wormley, to my daughter Mary W. Marshall wife of John Marshall and to my daughter T. Isabella Wormley during their respective natural lives for their respective use and free from liability for the debts contracts or engagements of themselves severally or of any other person or persons and at and after the decease of them my said wife and daughters severally and successively then in trust to apply and dispose of the capital and all unexpended income of each one of the said trust shares or thirds for the use and behoof of the child or children of said decedent living at her death and the issue of her child or children who may have died in her life time, in equal shares absolutely and in fee but so however that the issue of any such deceased child shall stand in the place of and only take the same share which such decedent would have taken if living, any portion however which may thus accrue from the trust share of my wife to either of my daughters, shall go to augment the trust shares of my said daughters and be governed by the same limitations and provisions as are above made to apply to their original trust shares."

Mary Marshall, beneficiary under the trust together with Anne E. Wormley and appellant, was appointed co-trustee of the estate. She died in 1943, and on February 25, 1944, the appellee, which had been appointed co-trustee in 1899, filed its account of administration of the trust with the Orphans Court of Philadelphia County, Pennsylvania. The petition filed with the account contained an application for distribution of one-half of the corpus of the trust.

Notice of the filing of the account was duly published in newspapers of general circulation, and was mailed to the appellant in care of Mrs. M. H. Lerch, 1240 Bryden Road, Columbus, Ohio, but was not received by the appellant.

Appellant's daughter, Juliet Rogers Brady, was present in the Orphans Court, Philadelphia, Pennsylvania, at the hearing of the audit of the account on April 6, 1944, and within a few days thereafter personally notified appellant that the appellee had requested the court to approve the distribution of one-half of the corpus of the trust. The appellant protested against this distribution in a letter dated April 15, 1944, addressed to the appellee but took no steps to intervene in the proceedings. The account was confirmed absolutely on Oct. 27, 1944, and the distribution ordered. Appellant contends that this action violates the terms of the will and that she is entitled during the remaining portion of her life to receive the entire income from the estate.

On August 18, 1945, the appellant filed a petition in the federal court in Ohio, where the appellee maintains an office, charging the appellee with negligence and with deliberate and willful acts of malfeasance in office which have resulted in depriving appellant of income due her, claiming damages for various specific mismanagements of estate property and breaches of trust, and claiming that the trustee, in violation of the terms of the trust, asked for a division of the estate after the death of Mary Marshall, and by its assurances to appellant caused her to fail to protest against the distribution in the Orphans Court. No answer was filed, but the appellee moved to dismiss the complaint on the ground that the Orphans Court had already assumed jurisdiction of the subject matter. Before the court had ruled upon this motion appellee moved for summary judgment on the ground that no genuine issue existed as to any material fact, and that it was entitled to a judgment as matter of law. Appellee later withdrew its motion to dismiss, and appellant moved for leave to file an amended complaint. The District Court denied the motion for leave to file the amended complaint, and subsequently sustained appellee's motion for summary judg-

ment. No findings of fact or conclusions of law were made by the District Court.

Appellant contends that the District Court erred in refusing permission to file the amended complaint and in granting the summary judgment. Each of these contentions must be sustained.

■ As the appellee had filed no responsive pleading to the complaint, appellant was entitled to amend as a matter of course. Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Leave of the District Court was not necessary, but it was error to deny the leave when asked. It was also error to grant the motion for summary judgment. The procedure for summary judgment is set forth in Rule 56 of the Rules of Civil Procedure, paragraph (c), the pertinent part of which reads as follows:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ The function of a motion for summary judgment, as set forth by this court, is to dispose of cases where there is no genuine issue as to material facts. Harris Stanley Coal & Land Co. v. Chesapeake & Ohio Rd. Co., 6 Cir., 154 F.2d 450, 455.

■ On motion for summary judgment, no answer having been filed, every allegation of the complaint is to be taken as true. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135; Weisser v. Mursam Shoe Corporation, 2 Cir., 127 F.2d 344, 145 A.L.R. 467; Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101.

■ The complaint herein, while not a model of pleading, alleged numerous acts of mismanagement, breach of trust, wrongful retention of non-legal investments, improper allocation of receipts to corpus instead of to income, wrongful payment of assessments on stocks, negligent failure to make diversified investments and failure to convert real estate holdings into legal se-

curities within a reasonable time after foreclosure. It clearly raised material issues of fact. The amended complaint adds numerous specific items of alleged mismanagement and an entirely new item of alleged misappropriation of $3,000 of estate funds.

■ Appellee's affidavits in no substantial way controvert the allegations of the complaint. They relate to the filing of the account in the Orphans Court, and the propriety of the proceedings there. An affidavit, even if responsive to the complaint, cannot be treated as proof contradictory to the complaint. Farrall v. District of Columbia Amateur Athletic Union, App.D.C., 153 F.2d 647, 648. But appellee's affidavits do not attempt to answer the complaint. The affidavits filed by appellant, on the contrary, take definite issue as to the validity of the notice given appellant in the account proceedings. Under these circumstances, there was no basis for the entry of summary judgment, for there was a genuine issue as to material facts. Ramsouer v. Midland Valley Rd. Co., supra; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Grip Nut Co. v. Sharp, 7 Cir., 145 F.2d 518; Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801.

Our conclusion is in accord with the judgment of the Supreme Court in Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967, which holds that Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.

The description of the pleadings above given demonstrates that it is not quite clear on this record what the truth is; that genuine issues remain for trial, and that the moving party is not entitled to judgment as a matter of law.

Appellee does not seriously contend that the motion for summary judgment is the proper method of raising the question of jurisdiction. Jones v. Brush, 9 Cir., 143 F.2d 733, suggests the contrary. However, appellee urges that the court may at any time consider the question of jurisdiction, and this was the point most seriously contested in this court. Because of the pendency of the account proceedings in the Orphans Court, the appellee contends that the District Court has no jurisdiction of this action for money damages for fraud and mismanagement of the trust estate. While the District Court wrote no opinion and entered no formal conclusions of law, it clearly indicated in its colloquy with counsel that this was the basis of the summary judgment.

■ The action clearly is in personam. There is no prayer for removal of the trustee or for accounting. The simple question of a right to damages for fraud and wrongful performance of fiduciary duty is presented. The action does not in any way affect the possession of and control over the res by the Orphans Court. Since it is suit to establish a personal right against a fiduciary, the District Court clearly has jurisdiction. Commonwealth Trust Co. of Pittsburgh v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Griffith v. Bank of New York, 2 Cir., 147 F.2d 899; Paul v. Girard Trust Co., 7 Cir., 124 F.2d 809.

Our conclusion is sustained by the recent case of Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, which held that the federal court has jurisdiction of a suit against an executor and resident heirs to determine the asserted right of the Alien Property Custodian to share in the decedent's estate which is in the course of probate administration in the state court. As in that case, the effect of the judgment of the federal court here, if it be in favor of the appellant, will leave undisturbed the orderly administration of the estate in the Orphans Court of Philadelphia County. Also pertinent is the statement in Meredith v. City of Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9, that "The diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their

option, to assert their rights in the federal rather than in the state courts."

The judgment of the District Court is reversed and the case is remanded for further proceedings in accordance with this opinion.