**UNITED STATES, for Use and Benefit of KIRBY v. JOHN A. JOHNSON & SONS, Inc. et al.**
**Civ. A. No. 1620.**

United States District Court
E. D. Tennessee, N. D.
April 24, 1953.

786

S. Frank Fowler, Knoxville, Tenn., for plaintiffs.

Clyde W. Key, Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

This case is before the Court on plaintiff's motion for summary judgment, based on rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff was designated trustee pursuant to the filing of a reorganization proceeding by Ross Construction Company under Chapter 10 of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq.

The record shows that prior to the filing of the petition that Ross Construction Company performed certain work, as subcontractor, under written agreements with the defendant John A. Johnson & Sons, Inc., the contracts being Nos. 125, 112 and 101.

The parties entered into another contract, described in the record as No. 126, on which the trustee performed some work. The record is not clear as to whether any work had been done on this contract by Ross Construction Company prior to the filing of this petition. The trustee abandoned the work on contract No. 126 because of lack of funds with which to do the work and because of alleged interference of the defendant.

The trustee asks for partial summary judgment in the amount of $17,405.13, this being the amount shown to be due the trustee on the books of defendant and, as claimed by the trustee, not in dispute.

The defendant seeks to offset some $98,-000 which it alleges to be due to it as damages caused by blasting by Ross Construction Company and by failure of its trustee to complete the work which Ross contracted to do under Contract No. 126. The trustee insists that this proposed offset should not be allowed because, (a) it is not a valid claim, (b) defendant breached its contract with Ross Construction Company by taking a substantial and material part of the excavation work away from the construction company and giving it to a third party, thereby giving the construction company a valid excuse for nonperformance, (c) there is no mutuality between the asserted claim of offsets and the amounts admitted to be due Ross Construction Company under contracts Nos. 125, 112 and 101, and (d) the equities require the Court to reject defendants' claim to set-off. This last contention is based largely on the claim that defendants' representative admitted to the trustee that the defendant owed certain money to Ross Construction Company and upon such admission the trustee expended some $7,000 of money for work under contract No. 126, and that the defendants' representative failed to notify him that their company was making any claim of offset. The determinative legal question in the case that must be answered in order properly to dispose of the motion is whether the claim of offset made by the defendant is such a claim that legally may be allowed in a proceeding under Chapter 10 of the Bankruptcy Act.

In order to answer this question an examination of various federal statutes is required, particularly the following:

11 U.S.C.A. § 108:

"a. In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

"b. A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate and allowable under subdivision g of section 93 of this title; * * *."

11 U.S.C.A. § 600 (Chapter X):

"Where not inconsistent with the provisions of this chapter, the rights, duties, and liabilities of creditors and of all other persons with respect to the property of the debtor shall be the same, before the approval of the petition, as in a bankruptcy proceeding before adjudication and, upon the approval of the petition, as in a bankruptcy proceeding upon adjudication."

11 U.S.C.A. § 602 (Chapter X):—Rejection of executory contract, etc.

"In case an executory contract shall be rejected pursuant to the provisions of a plan or to the permission of the court given in a proceeding under this chapter, or shall have been rejected by a trustee or receiver in bankruptcy or receiver in equity in a prior pending proceeding, *any person injured by such rejection shall,* for the purposes of this chapter and of the plan, * * * *be deemed a creditor.* * * *"* (Italics supplied.)

11 U.S.C.A. § 93. Proof and allowance of claims—

"(d) * * * Provided, however, That an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under this title."

■ Here the trustee has rejected Contract No. 126, thus reducing Johnson to the status of a creditor with an unliquidated claim, allowable if capable of liquidation.

In the present suit it is capable of liquidation. Upon being liquidated, it will be provable.

As to a corporation in reorganization, section 600 makes the rules of straight bankruptcy the same in reorganization as to rights, duties and liabilities of creditors and of all other persons with respect to the property of the debtor, "Where not inconsistent with the provisions of" Chapter 10.

Here the trustee is suing to collect an account owing the estate which is "property," or an asset of the estate.

Section 108 provides: "a. In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid." If application of this provision in the present case would not be inconsistent with Chapter 10, the set-off would be permissible.

■ "Mutual debts" and "mutual credits" would be such debts or credits as arose from direct relations between the parties, as opposed to those acquired collaterally as by purchase or assignment. In re Associated Telephone Utilities Co., D.C.S.D. N.Y., 12 F.Supp. 468, 472.

It appears from consideration of the above that set-off should be allowed here, if not "inconsistent with the provisions," including the purposes, of Chapter 10. Determination of that question rests upon consideration of all the circumstances on which the claim of set-off is based.

The cases indicate that the answer is to be reached through equitable considerations in relation to the purposes of Chapter 10. See Lowden v. Northwestern National Bank, 298 U.S. 160, 56 S.Ct. 696, 80 L.Ed. 1114; In re Rosenbaum Grain Corporation, 7 Cir., 103 F.2d 656, 657; In re Howell & King Co., D.C.M.D.Pa., 15 F.Supp. 151; In re Missouri Gas & Electric Service Co., D.C.W.D.Mo., 11 F.Supp. 434; Susquehanna Chemical Corp. v. Producers Bank & Trust Co., 3 Cir., 174 F.2d 783.

■ As the Court interprets the conclusion of the courts in the foregoing cases, the rule is that a claim of a creditor may be offset against a debtor in a reorganization proceeding, provided the court is of the opinion from all of the facts that the equities require such offsets. In the instant case the contracts of the parties provide for offset, and this is one of the circumstances which should be considered in determining whether set-off is, or is not, allowable. Another circumstance is whether

788

the trustee is liable for any damages alleged to have been caused by blasting and whether the alleged interference by Johnson in the performance of the contracts by Ross excused the trustee from performance under Contract No. 126. Of course the amount of the claimed set-off is always an important question. Also, the full facts upon which the trustee here asserts an estoppel on the part of the defendant who claims an offset should be developed by proof.

■■■ It is obvious from the foregoing observations that the case is not ripe for even a partial summary judgment. At best summary judgment should be sparingly granted. In the recent case of Lloyd, d/b/a Peabody Liquor Store, v. United Liquors Corporation, 6 Cir., 203 F.2d 789, appeal from the United States District Court for the Western District of Tennessee, decided April 16, 1953, Judge Martin said:

"The Court of Appeals for the Second Circuit, in Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135, cautioned trial courts concerning the sustaining of motions for summary judgments in the following language: 'We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right is reviewable; but refusal to grant a summary judgment is not reviewable. Such a judgment, wisely used, is a praiseworthy timesaving device. But, although prompt despatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established. Denial of a trial on disputed facts is worse than delay. Cf. Arenas v. United States, 322 U.S. 419, 429, 433, 64 S.Ct. 1090, 88 L.Ed. 1363. The district courts would do well to note that time has often been lost by reversals of summary judgments improperly entered.' Citing numerous federal decisions, including Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 624, 64 S.Ct. 724, 88 L.Ed. 967.

"This court, in Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239, 242, reversed a summary judgment for a defendant entered in the district court, for the reason that it was thought that a genuine issue as to material facts was presented and that, in accordance with the judgment of the Supreme Court in Sartor v. Arkansas Natural Gas Corp., supra, [321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967], summary judgment is authorized only 'where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.'

"Again, in Begnaud v. White, 6 Cir., 170 F.2d 323, 327, this court reversed a summary judgment for defendants and remanded the case for trial on the merits, where a fact issue was considered to be presented. The opinion stated: 'The authorities indicate that the trial judge should be slow in passing upon a motion for summary judgment which would deprive a party of his right to a trial by jury where there is a reasonable indication that a material fact is in dispute. Compare Sartor v. Arkansas Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967, where the affidavits of eight witnesses on behalf of the defendants were, under the circumstances in that case, insufficient to authorize the Court to sustain defendant's motion for summary judgment.'"

What has been said herein indicates, though it does not limit, the direction the proof should take in establishing whether upon consideration of the merits defendants' claim of set-off should be allowed.

Nothing herein is intended to enlarge or restrict the other issues in the case as set forth in a pre-trial order heretofore entered as supplemented by exceptions to such order filed by the attorney for the trustee.

An order denying the motion for summary judgment will be prepared accordingly.