**Maryam Jamilah ZAIDI,
Plaintiff-Appellant,**

v.

**Harriet Joan EHRLICH, et al.,
Defendants-Appellees.**

No. 83–2726
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 9, 1984.

---

Maryam Jamilah Zaidi, pro se.

Javier Aguilar, C.J. (Neil) Calnan, James R. Gough, Asst. U.S. Attys., Houston, Tex., for defendants-appellees.

Before RUBIN, JOLLY and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Maryam Jamilah Zaidi sued four employees of the Equal Employment Opportunity Commission in Texas state court seeking judgment against them individually for intentional and grossly negligent infliction of emotional distress, wrongful discharge, and damage to professional reputation. The defendants removed the action to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1441, 1442, and 1446(b). They then sought, and received, an extension of time within which to file an answer, but, rather than filing an answer, they filed a motion to dismiss or, in the alternative, for summary judgment. They attached to the motion four affidavits and numerous exhibits. The affidavits contained factual statements that, if true, would establish that Zaidi was fired for insubordination, thereby defeating her claim.

Zaidi, who is a licensed Texas attorney appearing pro se, did not file any formal opposition to the motion and did not file any countervailing affidavits. She did, however, file a motion for leave to amend her complaint. She initially attempted to file this motion ten days after the defendants moved for summary judgment, but the motion was returned to her for noncompliance with a local rule requiring her to state in the motion that she had discussed the motion with opposing counsel. Three days later, the defendants opposed Zaidi's attempt to amend her complaint, arguing that Zaidi failed to particularize her proposed amendment and that she was merely trying to delay the action. About two weeks later, Zaidi successfully filed a motion for leave to amend her complaint, along with a memorandum of legal authorities. In this memorandum, she described two additional claims she proposed to raise, and challenged the sufficiency of the defendants' evidence to support summary judgment against her.

The district court refused to review Zaidi's motion for leave to amend her complaint because she had failed to attach a copy of the proposed amended complaint to her motion. Finding that the defendants' uncontroverted affidavits "clearly show the actions they took regarding [Zaidi] were proper," the court entered summary judgment for the defendants.

■ Federal Rule of Civil Procedure 15(a) provides "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served." The term "responsive pleading" should be defined by reference to the definition of "pleading" in Rule 7(a), which

includes neither a motion to dismiss nor a motion for summary judgment. Fed.R. Civ.P. 7(a); 3 Moore's Federal Practice ¶ 15.07[1], at 15–45; 6 C. Wright A. Miller, Federal Practice and Procedure § 1483, at 411–12 (1971). Accordingly, neither a motion to dismiss nor a motion for summary judgment extinguishes a plaintiff's right to amend a complaint. *McClellan v. Mississippi Power and Light Co.*, 526 F.2d 870, 872 n. 2 (5th Cir.1976), *modified on other grounds*, 545 F.2d 919 (5th Cir.1977) (en banc) (motion to dismiss); *LaBatt v. Twomey*, 513 F.2d 641, 650 (7th Cir.1975) (motion for summary judgment); *Miller v. American Export Lines, Inc.*, 313 F.2d 218 (2d Cir.1963) (motion for summary judgment).

██ Zaidi had not previously amended her complaint. Therefore, she had a right to amend at the time the district court entered summary judgment. When, as in this case, a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant the petition. *Rogers v. Girard Trust Co.*, 159 F.2d 239 (6th Cir.1947); *accord, Kirk v. United States*, 232 F.2d 763 (9th Cir.1956).

██ While Zaidi should have attached a copy of her proposed complaint to her motion, her failure to do so should not have been permitted to defeat her right to amend. She made clear the substance of her proposed amendment, for, in her supporting memorandum, Zaidi explained that she intended to add a "federal tort claim," which had recently been denied at the administrative level, and "a number of Equal Employment Opportunity complaints," presumably based on Title VII. Although this description does not meet the "particularity" requirement of Fed.R.Civ.P. 7(b), it was sufficient to alert both the court and the defendants to the nature of her proposed amendment. Because the proposed amendment would set forth a different theory of liability, and was not merely technical, the district court should have held both the motion for summary judgment and the motion to amend in abeyance pending the submission of Zaidi's proposed amendment. *Nation v. United States Government*, 512 F.Supp. 121, 124 (D.C.Ohio 1981); *Schwab v. Nathan*, 8 F.R.D. 227, 228 (S.D.N.Y. 1948).

The district court's summary judgment was entered on the basis of Zaidi's unamended complaint, originally filed in state court. The court had before it none of the claims Zaidi proposed to add, and none of the factual allegations that she might have added to support them. Accordingly, the judgment is VACATED and REMANDED with instructions to allow Zaidi to file an amended complaint, without prejudice to the right of defendants thereafter to renew the motions previously filed, with or without supplemental materials.

While we remand to permit Zaidi to amend, we note that the district court may have difficulty in separating the wheat from the voluminous chaff in the pleadings and memoranda. Busy district judges need and deserve the utmost cooperation from counsel, whether appearing solely as counsel or pro se. Zaidi's pleadings do not demonstrate adherence to the requirements of Fed.R.Civ.P. 8(a)(2) requiring a short and plain statement of the claim. Her amended complaint must make such a clear and brief statement. It would be helpful to the district court, and likely to Zaidi herself, if her memoranda were clear, concise, and direct. *See* G. Gibson, Effective Legal Writing and Speaking, 36 Bus.Law 1 (Nov. 1980); J. Godbold, Twenty Pages and Twenty Minutes—Effective Advocacy, 30 S.W.L.J. 801 (1976); A. Tate, Federal Appellate Advocacy in the 1980's, 5 Am.J. Trial Advocacy 63 (1981); L. Katz & N. Felshman, Lawyers' Language—Some Suggestions for Incorporating Techniques of Advocacy Into the Appellate Brief, 9 J.Contemp.L. 127.