In re Joseph Philip
HARWELL, Debtor.

UNION PLANTERS NATIONAL
BANK, Plaintiff,

v.

Joseph P. HARWELL, Defendant.

Bankruptcy No. 87–23154–K.
Adv. No. 87–0191.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Dec. 21, 1987.

J. Logan Sharp, Memphis, Tenn., for Harwell.

Jennie D. Latta, Memphis, Tenn., for Bank.

## ORDER RE DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

DAVID S. KENNEDY, Bankruptcy Judge.

This "Motion To Dismiss And For Summary Judgment" came on to be heard on November 30, 1987. Defendant, movant-debtor, James Philip Harwell, ("Mr. Harwell"), seeks a dismissal of the original "Complaint To Determine Dischargeability Of Debt And For Entry Of Judgment" heretofore filed by the plaintiff, Union Planters National Bank ("Bank"), which seeks a nondischargeable judgment against Mr. Harwell in the amount of $8,418,670.72 plus interest pursuant to 11 U.S.C. § 523(a)(4).

The issues presented are two-fold:

1) Is a motion to dismiss or for summary judgment a "responsive pleading" so as to negate plaintiff's right to amend its original complaint under Bankr. Rule 7015(a)?

2) If not, is there a general issue of material which would preclude summary judgment?

The instant adversary proceeding was originally commenced by the Bank on September 4, 1987, with the summons being

issued on September 9, 1987. On October 8, 1987, the instant motion pursuant to Bankr. Rules 7012(b) and 7056 was filed by Mr. Harwell. Thereafter, on November 12, 1987, "Plaintiff's Response To Motion To Dismiss And For Summary Judgment" was filed. Filed contemporaneously with the Bank's response was an amended complaint.

Mr. Harwell seeks to have the Bank's original complaint dismissed for failure to state a claim for which relief can be granted contending that the Bank is not a "creditor" as defined in 11 U.S.C. § 101(9) because it has no right to payment—that right being forfeited by a lapse of a ten year statute of limitations for enforcement of judgments under State law, T.C.A. § 28–3–110(2).[1] Mr. Harwell asserts that no genuine issue of material fact exists. Bank obtained a judgment against Mr. Harwell on May 12, 1977. Tennessee law bars commencement of action on judgments after ten years of their rendition. Mr. Harwell commenced this voluntary Chapter 7 case on May 22, 1987, over ten years from the date of the prior Tennessee judgment. On these matters of law, Mr. Harwell contends that he is entitled to summary judgment.

Bank, on the other hand, contends that the amended complaint remedies any deficiency in the original complaint and that as a matter of right it is permitted to amend its original pleading because Mr. Harwell's motion to dismiss or for summary judgment is not a "responsive pleading". Bank asserts that its amended complaint pleads that the prior Tennessee judgment was timely recorded in Illinois where Mr. Harwell resided which negates the issues raised by Mr. Harwell's instant motion.

Contrarily, Mr. Harwell contends a motion to dismiss or for summary judgment is a responsive pleading; and no leave of court or consent being granted, the amended complaint is not properly before the court.

Rule 15 of the Federal Rules of Civil Procedure applies in adversary proceedings. Bank.Rule 7015. Rule 15(a) provides:

"(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so attend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

As a matter of course, the Bank would be allowed to amend its complaint, thus negating the instant motion, if a motion to dismiss or for summary judgment is not a responsive pleading. The weight of authority is that neither a motion for summary judgment nor a motion to dismiss extinguishes a plaintiff's right to amend pursuant to Rule 15(a). See *Rogers v. Girard Trust Co.*, 159 F.2d 239 (6th Cir.1947); *Magic Foam Sales Corp. v. Mystic Foam Corp.*, 167 F.2d 88 (6th Cir.1948); *Ohio Casualty Ins. Co. v. Farmers Bank of Clay, Kentucky*, 178 F.2d 570 (6th Cir. 1949); *Zaidi v. Ehrlich*, 732 F.2d 1218 (5th Cir.1984); *St. Michael's Convalescent Hospital v. State of California*, 643 F.2d 1369 (9th Cir.1981); *La Batt v. Twomey*, 513 F.2d 641 (7th Cir.1975); *Miller v. American Export Lines, Inc.*, 313 F.2d 218 (2nd Cir.1963). See also 3 *Moore's Federal*

1. By virtue of 11 U.S.C. § 101(4) "claim" means:

"(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

"(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

*Practice,* ¶ 15.07[2], pp. 15–34 through 35 (2nd 1987).

In *Zaidi v. Ehrlich,* 732 F.2d 1218 (5th Cir.1984), the defendants filed a motion to dismiss or, in the alternative, for summary judgment, along with affidavits and exhibits, but no answer to the complaint was filed. Plaintiff, Zaidi, did not controvert the motion and attachments, but filed a motion for leave to amend her complaint. The district court did not review the plaintiff's motion and, instead, granted the defendants a summary judgment based on the affidavits attached to their motion. In reversing, the court of appeals ruled that the term "responsive pleading" as contained in Rule 15 should be defined by reference to Rule 7(a). *Id,* at 1219, 1220. Neither a motion to dismiss nor a motion for summary judgment is found in the definition of pleading and; accordingly, neither motion would suffice to extinguish Zaidi's right to amend the complaint. *Id.*

This court finds that the reasoning and ruling of *Zaidi* persuasive in the instant proceeding. Rule 7 of the Federal Rules of Civil Procedure is made applicable to bankruptcy cases pursuant to Bankr.Rule 7007. Mr. Harwell responded to the Bank's original complaint, not with a "responsive pleading",[2] but rather, with a motion to dismiss and for summary judgment. As a matter of course, therefore, the Bank has the right to file an amended complaint which is now before the court. Moreover, the court is guided by the clear rule of the Sixth Circuit. Specifically, motions to dismiss and for summary judgment are not "responsive pleadings" within the meaning of Rule 15(a). *Rogers v. Girard Trust Co.,* 159 F.2d 239 (6th Cir.1947); *Magic Foam Sales Corp. v. Mystic Foam Corp.,* 167 F.2d 88 (6th Cir.1948); *Ohio Casualty Insurance Co. v. Farmers Bank of Clay, Kentucky,* 178 F.2d 570, 573 (6th Cir.1949). Having answered the first issue in the affirmative, it is unnecessary to address the second issue. A motion to dismiss or for summary judgment is improper under the particular facts and circumstances.

**2.** See also Bankr.Rule 7012(b) requiring a "responsive pleading" to contain an admission or denial of an allegation that the proceeding is

Based on the foregoing and the entire case record as a whole,

IT IS SO ORDERED: That Mr. Harwell's motion to dismiss or for summary judgment is denied.

core or non-core. The instant motion contained no such admission or denial.