**GRYNBERG PRODUCTION CORPORATION,**

v.

**BRITISH GAS, P.L.C., British Petroleum Exploration Operating Company, Ltd., Jack L. Gregory, and Transworld Resources Corporation.**

No. 1:92–CV–0496.

United States District Court,
E.D. Texas,
Beaumont Division.

June 8, 1993.

**136**

Stephen D. Susman, Susman Godfrey, F. Eric Fryar, Neal S. Manne, Houston, TX, for plaintiff.

William Robert Pakalka, Layne Edwin Kruse, Rufus Wallingford, Fulbright & Jaworski, Houston, TX, Gilbert Irvine Low, D. Allan Jones, Orgain Bell & Tucker, James William Mehaffy, Jr., Beaumont, TX, for defendants.

*MEMORANDUM OPINION AND ORDER GRANTING GRYNBERG PRODUCTION CORPORATION'S MOTION FOR LEAVE TO AMEND PLEADINGS, DENYING MOTION FOR DISCRETIONARY REMAND, AND GRANTING MOTION FOR VOLUNTARY DISMISSAL*

SCHELL, District Judge.

CAME ON TO BE CONSIDERED plaintiff Grynberg Production Corporation's ("Grynberg") Motion for Leave to Amend Pleadings, and Grynberg's Motion for Discretionary Remand or, in the Alternative, for Voluntary Dismissal, and the court, after reviewing the Motions, is of the opinion that the Motion for Leave to Amend Pleadings should be GRANTED, the Motion for Discretionary Remand should be DENIED, and the Motion for Voluntary Dismissal should be GRANTED.

## I. BACKGROUND

This case has already been the subject of an extensive removal battle. This court ultimately determined that the specific performance, injunction, and conversion claims in Grynberg's well-pleaded complaint supported federal question jurisdiction and therefore the entire case was removable. "Memorandum Opinion and Order Denying Grynberg Production Corporation's Motion to Remand," signed March 19, 1993. Grynberg seeks to amend its complaint to delete those claims that the court found supported jurisdiction. After amendment, Grynberg seeks a discretionary remand to state court, and in the event the remand is denied, Grynberg moves to voluntarily dismiss. Also pending before the court are several motions to dismiss or for summary judgment filed by British Gas, p.l.c., Jack Gregory, and British Petroleum Operating Co., (BP").

## II. AMENDMENT OF THE COMPLAINT

■ Both sides seem to be laboring under the assumption that Grynberg actually needs

leave of court to amend its complaint. However, Fed.R.Civ.P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." The Fifth Circuit has held that:

> The term "responsive pleading" should be defined by reference to the definition of "pleading" in Rule 7(a), which includes neither a motion to dismiss nor a motion for summary judgment.... Accordingly, neither a motion to dismiss not a motion for summary judgment extinguishes a plaintiff's right to amend a complaint.

*Zaidi v. Ehrlich*, 732 F.2d 1218, 1219–20 (5th Cir.1984); *accord, McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir.1979); *Barksdale v. King*, 699 F.2d 744, 746–47 (5th Cir.1983). Furthermore, "[w]hen, as in this case, a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant the petition." *Zaidi*, 732 F.2d at 1220.

Of the parties remaining in the lawsuit, only TransWorld Resources Corporation ("TransWorld") has answered. Atlantic Richfield Company, Inc., had answered prior to removal. It was dismissed with prejudice by stipulation. None of the parties opposing the amendment have served a responsive pleading.

> The rule is ... that "[w]here some but not all defendants have answered, plaintiff may amend as of course claims asserted solely against the non-answering defendants...." [I]f the amendment affects all defendants or one or more of those that have not responded, then it is generally held that a "responsive pleading" has not been served for purposes of Rule 15(a) and plaintiff may amend his complaint as of course with regard to those defendants that have not answered.

*Barksdale*, 699 F.2d at 747. Consequently, Grynberg may amend as a matter of right with regard to all parties except TransWorld. As to that claim, TransWorld has not filed any opposition to the proposed amendment, and the court sees no reason not to permit the amendment.

## III. DISCRETIONARY REMAND

The amended complaint no longer includes the injunction, specific performance, and conversion claims. So amended, Grynberg's complaint no longer contains the claims that supported federal question jurisdiction under 28 U.S.C. § 1331. Grynberg acknowledges that the amendment of a complaint to delete all federal claims does not deprive the court of subject matter jurisdiction. *Henry v. Independent Am. Sav. Ass'n*, 857 F.2d 995, 998 (5th Cir.1988). Instead, Grynberg moves for a discretionary remand under the authority of *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Under *Cohill*, a district court has discretion to remand a case when all federal claims have been eliminated and only state law claims remain.

The court refuses to remand this case for several reasons. First, although only state law claims remain, some of the issues still presented in this case do touch on federal interests relating to international relations. For example, the court noted in the March 19, 1993 order that the federal act of state doctrine might be implicated in Grynberg's breach of tort duty claims against British Gas. These claims remain in the complaint. Although a federal defense does not support original subject matter jurisdiction, its possible presence in the case may nevertheless implicate "uniquely federal" interests. The federal nature of this issue and possibly others favors retention of this case. *See Cohill*, 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7.

Second, Grynberg's attempts to evade a federal forum justify retention. Grynberg's original petition was clearly removable. Grynberg candidly admits that the sole purpose of deleting its federal claims is to obtain a remand to state court. In *Cohill*, the Supreme Court observed:

> Petitioners' concern appears to be that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.... A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand

a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. 484 U.S. at 357, 108 S.Ct. at 622–23; *accord Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir.1992) (district court may deny remand when plaintiff's sole apparent motive in amending the complaint is to seek remand); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985) (same).

Third, the remaining discretionary factors—judicial economy, convenience, fairness, and comity—favor retention. Rentention is economical and convenient because the court has become familiar with the issues of this case. In fairness, the defendants ought to be entitled to litigate in a forum in which they have some legitimate expectation of remaining. Finally, this is not really a dispute local to Texas, so the values of comity are not significantly affected.

Fourth, the court entertains substantial doubt as to whether it even has any discretionary authority to remand at all. Remanding pursuant to *Cohill* presumes that there is no independent basis of subject matter jurisdiction for the pendent state claims after the federal claims are dismissed. It seems probable that even after Grynberg's federal claims are dismissed, diversity of citizenship jurisdiction is still present under 28 U.S.C. § 1332. Based on its briefs, Grynberg apparently believes that the March 19, 1993 order held that there was no diversity jurisdiction. The court did say that Gregory was not fraudulently joined, but that only prevented *removal* on diversity grounds. The presence of a forum defendant is not a *jurisdictional* defect per se, but simply a bar to removal. The defendant who allegedly defeats diversity jurisdiction is TransWorld. As the court noted in the March 19, 1993 order, TransWorld is "a corporation with the same citizenship (as well as mailing address, ownership, and officers) as the plaintiff." Whether TransWorld is properly aligned as a defendant is doubtful.

If TransWorld were realigned as a plaintiff in the declaratory judgment action, the court would have no obligation, and maybe no authority, to remand the case. If a case has been properly removed on grounds which supersede an otherwise effective bar to removal, a district court need not remand the case when the superseding ground is excised from the case, as long as there is an independent basis for subject matter jurisdiction. *See Williams v. M/V Sonora*, 985 F.2d 808, 811–12 (5th Cir.1993) (when an otherwise nonremovable maritime case was properly removed due to the presence of a foreign sovereign, dismissal of the foreign sovereign did not require remand because the maritime claims, though nonremovable, nevertheless supported original subject matter jurisdiction). The motion for discretionary remand will be denied.

### IV. *VOLUNTARY DISMISSAL*

■ In the event that the motion for discretionary remand is denied, Grynberg seeks a voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(2). Voluntary dismissals without prejudice under Rule 41(a)(2) should be granted unless the defendant will suffer some plain legal harm other than the mere prospect of a second lawsuit. *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). Mere loss of tactical advantage does not constitute plain legal prejudice. *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir.1990). "While defendant's choice of forum is an important factor to be considered by the district court, its loss does not automatically create abuse of discretion." *Id.* "Important in assessing prejudice is the stage at which the motion to dismiss is made. Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir.1990).

Voluntary dismissals can also cause plain legal harm when the dismissal would strip the defendant of an otherwise valid defense. This can occur when the new forum in which suit will be filed does not recognize a valid defense or would apply a different substantive law. *See e.g., Ikospentakis v. Thalassic*

*S.S. Agency,* 915 F.2d 176 (5th Cir.1990) (because Louisiana state courts refused to recognize the preemptive force of federal maritime forum non conveniens, defendant would suffer legal prejudice if action was dismissed and refiled in state court); *Phillips v. Illinois Cent. Gulf R.R.,* 874 F.2d 984 (5th Cir.1989) (because plaintiff could refile in another state and obtained a longer statute of limitations, defendant would suffer legal prejudice from a voluntary dismissal). However, there can be no legal prejudice under this theory when the second forum would apply the same law as the federal court. *Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 175 (5th Cir.1990).

■ The court believes that these factors point toward allowing a voluntary dismissal. Although this case has probably generated a lot of expense for both sides, it is nevertheless still in the pretrial stages. Only one remaining defendant has filed an answer. Grynberg has not made its motion on the eve of trial, but rather has done so before issue has truly been joined. The defendants will lose no defense that they otherwise would have had. British Gas and Gregory agree that because this is a commercial dispute, a Texas state court would apply the same *forum non conveniens* analysis as this court. Moreover, all of the federal defenses which are the subject of the pending motions to dismiss are equally applicable in Texas state court.

In opposition to the motion for voluntary dismissal, British Gas and Gregory asserts two bases for legal prejudice. First, British Gas and Gregory argue that once in state court, they will be deprived of the benefits of the Civil Justice Expense and Delay Reduction Plan ("the Plan") that has been adopted by the Eastern District of Texas to control litigation costs. While the court understands this concern, the loss of the benefit of the Plan is more of a loss of a tactical advantage than plain legal prejudice.

The other legal prejudice is the time and expense involved in removing this case to federal court. Undoubtedly, British Gas and Gregory have invested substantial time and effort in fighting the removal battle. This expense, however, is probably but a tiny portion of the total expense that this case will generate before a final adjudication on the merits. The court finds no legal prejudice sufficient to warrant a denial of a voluntary dismissal.

IT IS, therefore, ORDERED that Grynberg Production Corporation's Motion for Leave to Amend Pleadings is GRANTED. IT IS, further, ORDERED that Grynberg Production Corporation's for Discretionary Remand is DENIED. IT IS, further, ORDERED that Grynberg Production Corporation's Motion for Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a)(2) is GRANTED. IT IS, finally, ORDERED that this action is DISMISSED WITHOUT PREJUDICE.