UNITED STATES COURT OF APPEALS
**Filed 7/10/96**
TENTH CIRCUIT

ROBERT E. FRITCHEY,

      Plaintiff-Appellant,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

      Defendant-Appellee.

No. 96-2014
(Dist. of NM)
(D.C. No. CIV 95-798)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert Fritchey appeals the district court's dismissal of his petition for a writ of mandamus to compel the Immigration and Naturalization Service (INS) to deport three alleged illegal aliens. We dismiss the appeal for lack of jurisdiction.

Under 28 U.S.C. § 1291, this court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

In this case, plaintiff filed a motion to amend his complaint to add state law tort claims on December 11, 1995. The motion was not entered on the district court's docket, however, until December 12, 1995, the same day the district court's order of dismissal was entered. The district court's order makes no mention of plaintiff's motion and it appears from the circumstances that the district court, through no fault of its own, was unaware of the existence of the motion when it issued its order of dismissal.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Because no answer was ever filed and because defendant's motion to dismiss was not a responsive pleading, Fritchey was

entitled to amend his complaint once as a matter of right. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994).

Although the district's local rules provide that a proposed amendment to a pleading must accompany a motion to amend, a pro se plaintiff's failure to attach a copy of the proposed amended complaint to his motion will not defeat his right to amend where the motion sets forth the substance of the proposed amendment. *See* D.N.M.R. 15.1; *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984). Accordingly, while expressing serious doubts as to whether plaintiff's state law tort claims can survive a motion to dismiss, we hold that plaintiff's motion to amend was sufficient to amend his complaint. Because the additional claims raised in plaintiff's amended complaint were not disposed of by the district court's order, the order is not final and thus not appealable under 28 U.S.C. § 1291.

Finding no basis for appellate jurisdiction, we **DISMISS** plaintiff's appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-