IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20059
Summary Calendar
_____

KEVIN VON ESCHEN,

Plaintiff-Appellant,

versus

LEAGUE CITY TEXAS; CITY OF WEBSTER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2133
--------------------
September 8, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Kevin Von Eschen (Von Eschen) appeals the dismissal of his 42 U.S.C. § 1983 claim against the City of Webster and the City of League City (defendants) pursuant to Fed. R. Civ. P. 12(b)(6). Von Eschen alleged that officers employed by the defendants used excessive force in arresting him. He additionally asserted that the use of excessive force was a customary practice by officers employed by defendants.

Von Eschen correctly argues that the district court erred in refusing to consider the allegations in his amended complaint. "A

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). The district court refused to consider Von Eschen's amended complaint because defendants had filed their motions to dismiss, which the court characterized as responsive pleadings, and Von Eschen had not obtained permission from the court to file his amended complaint as required by Fed. R. Civ. P. 15(a). A motion to dismiss, however, is not a responsive pleading that "extinguishes a plaintiff's right to amend a complaint." Zaidi v. Ehrlich, 732 F.2d 1218, 1219-20 (5th Cir. 1984). Accordingly, because Von Eschen could exercise his right to amend automatically, the district court should have considered his amended complaint when reviewing defendants' motions to dismiss. See id. at 1220.

We need not remand this case to the district court, however, because, even considering the allegations of the amended complaint, Von Eschen failed to establish that his alleged deprivation of rights was caused by a custom or policy of the defendants.

"To establish county/municipality liability under § 1983 . . . a plaintiff must demonstrate a policy or custom which caused the constitutional deprivation." Colle v. Brazos County, Tex., 981 F.2d 237, 244 (5th Cir. 1993); Monell v. Department of Soc. Servs. of the City of New York, 436 U.S. 658, 690 (1978). A policy may be "a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well settled as to

constitute a custom that fairly represents official municipal policy." McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989). However, isolated instances of police misconduct are inadequate to prove knowledge and acquiescence by policy makers. Id. at 1184. Moreover, the allegations of a policy or custom and its relationship to the constitutional violation cannot be conclusory but must contain specific facts. Spiller v. City of Texas City, 130 F.3d 162, 167 (5th Cir. 1997).

Von Eschen argued that defendants had a custom or practice of condoning the use of excessive force. He maintains that because defendants failed to address the officers' use of excessive force, such excessive force became the unwritten policy of defendants. Von Eschen's conclusional allegations of "policy" were not sufficient to establish county/municipality liability under § 1983. Spiller, 130 F.3d at 167. Accordingly, the district court did not err in dismissing his § 1983 action for failure to state a claim under Rule 12(b)(6).

Von Eschen's amended complaint also alleged a violation of 42 U.S.C. § 1986. Liability under § 1986 requires a finding of a § 1985 violation. 42 U.S.C. § 1986. Von Eschen did not allege sufficient information to establish a claim under § 1985. Bryan v. City of Madison, 213 F.3d 267, 276 (5th Cir. 2000). Accordingly, the failure of the district court to address this claim was harmless error.

Finally, we find no error in the district court's dismissal of Von Eschen's state law claim of false arrest based upon the immunity given defendants by the Texas Tort Claims Act. The

district court correctly concluded that defendants are immune from Von Eschen's claim of false arrest.  <u>See</u> <u>City of San Antonio v. Dunn</u>, 796 S.W.2d 258, 261 (Tex. Ct. App. 1990) (municipality immune from claim arising out of intentional tort of false arrest).

AFFIRMED.