[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court is in receipt of a letter from the plaintiff dated November 25, 2002 in which he seeks reconsideration of the court's decision of November 12, 2002, dismissing this action on the basis of mootness. It does not appear that this letter was certified to the defendants. The court is therefore attaching a copy to this memorandum. This letter is being considered as a motion for reconsideration pursuant to Conn. Practice Book § 11-11.
The basis of the plaintiff's request is that on November 7, 2002, he filed a request to amend his complaint and on November 8, 2002, a motion to stay the proceedings.
The difficulty with the plaintiff's argument is twofold. First, once an issue of subject matter jurisdiction is raised it must be resolved prior to any further proceedings with the case. Figueroa v. C.S. BallBearing, 237 Conn. 1, 4 (1996). Second, even if the complaint were to be amended as requested by the plaintiff, it would not address the jurisdictional issue raised in the defendants' motions to dismiss.
Therefore, the plaintiff's request for reconsideration is denied.
Bruce W. Thompson, Judge
 ATTACHMENT
November 25, 2002
Dear Clerk,
This letter is in reference to Docket no. CV-02-0458988 (Hunt, Billy G. v. Janelle, R. Chief).
The defendants filed a motion to dismiss my complaint against them dated CT Page 1507 October 16, 2002. On October 24, 2002 I filed a motion for an extension of time in order to evaluate and prepare an appropriate response to the defendant Janelle's motion to dismiss. On November 4, 2002, pursuant to the Practice Book, I filed an "Amended Complaint," and I also filed with this Court November 5, 2002, a motion for a stay of the proceedings of (Hunt v. Janelle) pending the outcome of my appeal of the decision June 12, 2002, by Litchfield Superior Court (Gill, J.) to forfeit my $7,379.54 to the State of Connecticut. In which neither motion previously mentioned was heard by this Court!!
The Court's decision to dismiss my "complaint" because of mootness was premature because I timely filed a motion/request amending my complaint 11/4/2002 and a motion to stay 11/5/02.
Clerk, please set aside the motion to dismiss "Decision" 11/12/02 because I had the right to amend my complaint, and because a motion to dismiss does not extinguish a plaintiff's right to amend a complaint. Zaidi v.Ehrlich, 732 F.2d 1218 (5th Cir. 1984). Johnson v. US Dept. of Treasury,939 F.2d 820 (9th Cir. 1991): Also see Ferdrick v. Bonzelet, 965 F.2d 1258
(9th Cir. 1992). "Dismissal is harsh penalty, and should be imposed only in extreme circumstances, and because dismissal is harshest available penalty, district judges have obligation to warn plaintiff that dismissal is imminent."
Clerk, please present this letter to (Thompson, J.) in all hopes that he reconsider his decision to dismiss my complaint, because I amended my complaint November 4, 2002.
The Plaintiff,
Billy G. Hunt
900 Highland Avenue Cheshire, CT 06410
Order 01/28/03. The Motion to Reargue is denied by the court.
(Thompson, J.) CT Page 1508