Mark David JOHNS et al., Plaintiffs-Appellants-Cross Appellees,

v.

DEPARTMENT OF JUSTICE OF the UNITED STATES et al., Defendants-Appellees,

Angela Macias-Rosales, Intervenor-Appellee-Cross Appellant.

No. 80–5135.

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1980.

Joseph C. Nazzaro, North Miami Beach, Fla., for plaintiffs-appellants-cross appellees.

Peter Nimkoff, Richard A. Marshall, Jr., Asst. U. S. Attys., Miami, Fla., for defendants-appellees.

Elizabeth S. Baker, Miami, Fla., for Angela Macias-Rosales, intervenor-cross appellant.

Before RUBIN, HENDERSON and REAVLEY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The Director of the Immigration and Naturalization Service has ordered the deportation of a female child named Cynthia, who is slightly less than five years old and who was brought into the United States from Mexico, where she was born, when she was one day old. Because the child has not been represented by a guardian ad litem, we reverse the district court, direct it to issue a preliminary injunction against execution of the deportation order, and remand the case for the appointment of a guardian ad litem and for further proceedings contradictorily with that person.

Mark David Johns and his wife, Eileen May Johns, United States citizens, brought Cynthia from Mexico without a visa or other proper documentation. Angela Macias-Rosales, a Mexican native, who is 36 years of age, claims that she is Cynthia's mother and that the child was kidnapped from her in Tijuana, Mexico. The Johns contend that Cynthia was given to them by Mrs. Macias-Rosales, and that they took her from Mexico with her consent. Mrs. Macias-Rosales communicated with the INS on January 29, 1976, in San Francisco, California. This led to an INS investigation. On October 24, 1976, the INS ordered a deportation hearing. In January, 1977, the immigration judge issued an interlocutory order declaring Cynthia deportable, but withholding its final order to allow custody proceedings in state court. These were not completed. Further INS proceedings followed, which we need not detail at this time. On January 30, 1980, the District Director of INS rescinded an earlier stay of deportation and a warrant for Cynthia's deportation was issued. When the Johns failed to surrender Cynthia to the INS, she was taken into INS custody. The Johns filed this suit, seeking to enjoin deportation and to obtain a writ of habeas corpus. Mrs. Macias-Rosales' motion to intervene was denied. The district court dismissed the Johns' complaint with prejudice. The Johns appealed and Mrs. Macias-Rosales has been permitted to intervene in this court in support of the district court's judgment.

In the many legal proceedings the Johns have appeared through counsel representing both themselves and Cynthia. Their interests and Cynthia's are not necessarily the same. They patently lack legal standing to represent her, being neither her natural nor her adoptive parents and having no

custody order. It appears to be undisputed that Mrs. Macias-Rosales is Cynthia's mother. Her personal interest must command sympathy. Whatever the events that occurred in Tijuana about five years ago, she seeks return of her own daughter whom she has not seen since the day after Cynthia's birth. However, Cynthia has been raised in a different culture, speaks a different language, has resided for all but the first twenty-four hours of her life with another family and would, if deported, presumably be taken to Mrs. Macias-Rosales' home to reside with two older siblings who have never seen her and with whom she could not communicate. Under these circumstances, Mrs. Macias-Rosales does not necessarily represent Cynthia's interests.

■ Deportation is not a criminal action, but the consequences may more seriously affect the deportee than a jail sentence. The liberty of the individual is at stake and "meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standard of fairness." *Bridges v. Wixon*, 326 U.S. 135, 154, 65 S.Ct. 1443, 1452–53, 89 L.Ed. 2103 (1945). "To render a hearing unfair the defect, or the practice complained of, must have been such as might have led to a denial of justice, or there must have been absent one of the elements deemed essential to due process." *Bilokumsky v. Tod*, 263 U.S. 149, 157, 44 S.Ct. 54, 57, 68 L.Ed. 221 (1923).

■ Countless references have been made in sermon, essay and popular speech to Solomon's wisdom in resolving a case of disputed parentage between two mothers. I Kings 3:16–28. The celebrated wise king could assume, however, that the true mother had interests identical to those of the infant. Here we cannot assume that either Mrs. Macias-Rosales or the Johns seek to protect only the interests of Cynthia. In this unusual situation, it was a denial of due process to hold proceedings to deport an unrepresented infant incapable of representing herself. In most cases, parents or foster parents may properly appear for minors. Here, however, Mrs. Macias-Rosales

did not appear at the deportation hearings. Even had she done so, it is not patent that her interests are the same as Cynthia's, and her intervention in the district court proceedings does not of itself adequately represent Cynthia's interests.

■ Therefore, we reverse the dismissal and remand the case to the district court with instructions to appoint a guardian ad litem to represent Cynthia in all further proceedings, to enjoin preliminarily execution of the deportation order and to direct the INS to conduct all further proceedings involving Cynthia contradictorily with her guardian ad litem. *See Nguyen Da Yen v. Kissinger*, 528 F.2d 1194, 1197 (9th Cir. 1975) (guardian ad litem appointed to represent children brought from Vietnam in "Operation Babylift" near the end of the war in Vietnam); *Scharf v. United States Attorney General*, 597 F.2d 1240, 1242 (9th Cir. 1979) (minor born in Mexico represented by a guardian ad litem in a proceeding to establish paternity of United States citizen in order for child to obtain a declaration of United States citizenship); *Huynh Thi Anh v. Levi*, 427 F.Supp. 1281 (E.D.Mich.1977), *affd.* 586 F.2d 625 (6th Cir. 1978) (guardians ad litem appointed to represent children brought from Vietnam in "Operation Babylift.") *See generally De Souza v. Barber*, 263 F.2d 470, 475–476 (9th Cir. 1959), *cert. denied*, 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978 (1959).

Upon completion of INS action, the district judge shall consider all of the issues further and make such findings of fact and conclusions of law as appear to him to be warranted. We intimate no opinion concerning them.

In view of the delays that have occurred, all proceedings by the INS are to be completed within sixty days and all further proceedings in the district court within thirty days thereafter unless these limits are extended by order of this court. This panel will retain jurisdiction of any further appeals.

REVERSED and REMANDED.