Virgie CASTLEBERRY, Plaintiff,

v.

COLLIERVILLE MEDICAL ASSOCIATES INC., a Tennessee Professional Corporation; Ernest F. Apple, M.D., Individually; Robert C. Ballard, M.D., Individually; and Gem, Inc., a Tennessee Corporation, Defendants.

No. C–79–2399H.

United States District Court,
W. D. Tennessee, W. D.

Dec. 16, 1981.

James L. Bonner, Olive Branch, Miss., for plaintiff.

Robert L. Green, Memphis, Tenn., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

HORTON, District Judge.

This is a negligence action charging medical malpractice. The case arises out of an injury to the plaintiff's hand while working at defendant Gem, Inc., and the subsequent examination and treatment by defendants Apple and Ballard. Defendants filed a motion for summary judgment, accompanied by the affidavits of four doctors, all stating that in plaintiff's case there was no deviation from that accepted standard of care exercised by other competent doctors in this community dealing with the type, nature, and kind of injury presented by the plaintiff. The plaintiff failed to respond to the motion, although the time for response has long since passed. After a thorough consideration of the entire record, the Court grants the motion.

On June 1, 1978, the plaintiff sustained an injury to her hand during the course of her employment at Gem, Inc. On June 5, 1978, plaintiff went to defendant Collierville Medical Associates, Inc.'s office to consult with a doctor, and was on that day examined and treated by defendant Robert C. Ballard. On June 7, 1978, the plaintiff was examined and treated by defendant Ernest F. Apple. Plaintiff alleges that defendants Apple and Ballard negligently treated and cared for Plaintiff's hand on

June 5, 1978, and continued negligently to treat and care for plaintiff's hand on June 7, 1978, when she returned to their office for further treatment. Plaintiff further alleges that defendants Apple and Ballard negligently failed to take x-rays of plaintiff's hand at any time, although x-ray procedures were readily available to defendants and were standard procedures in determining and diagnosing the nature and extent of plaintiff's injuries.

On August 13, 1980, the Court referred this cause to the Tennessee Medical Malpractice Review Board. On June 8, 1981, the Board filed a recommendation which stated that upon notice of claim filed by plaintiff, the responsive answer by the defendant, the oral testimony of witnesses examined before the Review Board and upon the record as a whole, from all of which it appeared to the Board that the evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.

Defendants have submitted with their motion for summary judgment the affidavits of Robert C. Ballard and Ernest F. Apple. Dr. Ballard states in his affidavit that he did examine the plaintiff on June 5, 1978, when she told him that the ulna portion (little finger side) of her left hand had been pinched in a machine that she operated in the manufacture of mops. Dr. Ballard examined her left hand and made a diagnosis of blunt trauma with soft tissue swelling. He states that his examination consisted of looking at the hand, feeling it and noting her ability to move and flex the hand and fingers. He prescribed Dolene, an analgesic, and told plaintiff she could return to work on Wednesday, June 7, 1978. Dr. Ballard states that he did not direct x-rays to be made of the left hand because he did not feel that they were indicated. He states that his examination did not disclose any findings suggestive of a fracture or any serious injury.

The affidavit of Dr. Apple states that he examined the plaintiff on June 7, 1978. He states that he had the benefit of Dr. Bal-lard's notes and made his own examination as well. Dr. Apple states that he found her to have a "clicking" in the 5th metacarpal phalanges, and gave the plaintiff an injection of Dalalone and a prescription for Azolid. He states that he did not find the plaintiff to have a serious injury at this time, and that at no time during the examination did he feel that her history, complaints or physical condition warranted the taking of x-rays. Dr. Apple states that there was absolutely nothing about her condition that indicated a fracture in the hand.

In both the affidavits of Dr. Ballard and Dr. Apple is the sworn statement that at no time was there any deviation from that accepted standard of care exercised by other competent doctors in this community when dealing with the type, nature and kind of injury presented by the plaintiff.

Also submitted with the defendants' motion for summary judgment are the affidavits of a Dr. Rufas M. Brown and Dr. Jack Halford. Both these affidavits state that the affiants are familiar with the standard of care exercised by competent physicians engaged in the General Practice of medicine in this community and in their medical judgment Dr. Ballard and Dr. Apple complied with that standard. The affiants state that not all blunt trauma injuries require an x-ray, and that this is a decision that the examining doctor must make based on the history given to him and upon his own physical examination and evaluation of the patient.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment can be granted to the moving party if the Court finds that there are no genuine issues as to material facts to be tried. *Rogers v. Girard Trust Co.,* 159 F.2d 239 (6th Cir. 1946). Expert evidence normally will not constitute sufficient support for a motion for summary judgment and will be more useful as a means of raising an issue of fact, since the weight to be given expert evidence is normally an issue for the trier of fact. Accordingly, a motion for summary judgment must be denied where affidavits present a credibility contest between the parties' ex-

**494**

pert witnesses on a relevant issue, or where there is a necessity of expert testimony to translate and interpret technical facts which are material. However, where the opposing party presents no evidence sufficient to make an issue of the expert's credibility, such as contrary opinion evidence or evidence tending to undermine the credibility or qualifications of the expert, and where the trier of fact would not be at liberty to disregard arbitrarily the unequivocal, uncontradicted, and unimpeached testimony of the expert, his testimony may form the basis for summary judgment. *Fed.Proc.L.Ed.* § 62:598 (1st ed. 1981).

■ Because opinion testimony always is subject to evaluation by the fact finder, it generally has been held not an appropriate basis for summary judgment. However, if the only issue is one of the kind on which expert testimony must be presented, and nothing is presented to challenge the affidavit of the expert, summary judgment may be proper. Wright & Miller, *Federal Practice and Procedure:* Civil Section 2738.

Where a doctor's assertions in deposition and affidavit are unequivocal and uncontradicted, then that testimony may support a motion for summary judgment. *Webster v. Offshore Food Service, Inc.*, 434 F.2d 1191 (5th Cir. 1970), *cert. den.* 404 U.S. 823, 92 S.Ct. 44, 30 L.Ed.2d 50 (1971).

Although not binding on this Court, the cases of *Bowman v. Henard*, 547 S.W.2d 527 (Tenn.1977) and *Moncrief v. Fuqua*, 610 S.W.2d 720 (Tenn.App.1979) are instructive. These cases held that affidavits by medical doctors are an appropriate basis of summary judgment when 1) the action is one of malpractice where expert medical testimony is required to establish negligence and proximate cause, and 2) there is the absence of expert responsive proof by affidavit or otherwise.

■ As stated, the plaintiff has made no response to the motion for summary judgment. The Court is of the opinion that the facts at hand bring this case within the purview of the rule stated in the above treatises and cases.

It is therefore by the Court ORDERED that the defendant's motion for summary judgment be granted.