**Francis S. LYNCH, Plaintiff,**

**v.**

**ATHEY PRODUCTS CORPORATION, a foreign corporation, and Elliott & Frantz, Inc., a foreign corporation, Defendants.**

Superior Court of Delaware,
New Castle County.
Submitted: Oct. 10, 1985.
Decided: Dec. 30, 1985.

Arthur Inden, and David C. McBride of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Howard M. Berg, Wilmington, for defendants.

GEBELEIN, Judge.

This case involves an accident involving use of a Kolman conveyor. Athey Products Corporation ("Defendant"), manufacturer of the conveyor, has moved for summary judgment in an action brought by Francis S. Lynch ("Plaintiff") alleging that Athey was negligent in the manufacture and design of the conveyor and that as a direct result of such negligence, a guard door fell on the plaintiff, pushing him into the gear assembly of the conveyor and causing severe injuries to his hands.

In general, summary judgment is appropriate when the moving party has shown that no material issues of fact are present and that he is entitled to a judgment as a matter of law. *Moore v. Sizemore*, Del. Supr., 405 A.2d 679 (1979). On considering motions for summary judgment, the Court must weigh the facts in the light most favorable to the non-moving party. *Sweetman v. Strescon Indus., Inc.*, Del.Super., 389 A.2d 1319 (1978). In weighing a motion for summary judgment under this rule, the Court must examine the record, including pleadings, depositions, admissions, affidavits, and answers to interrogatories. *Oliver B. Cannon & Sons v. Dorr-Oliver, Inc.*, Del.Super., 312 A.2d 322 (1973). When a motion is supported by a showing that there are no material issues of fact, the burden shifts to the non-moving party to demonstrate that there exist genuine issues of material fact. *Moore, supra.*

While, in general, issues of negligence are ordinarily not susceptible of summary adjudication either for or against a claimant, and should be resolved by trial, summary judgment has been rendered for the defendant when the record clearly established that there was no genuine issue of material fact, as, for example, where lack of negligence is established by the defendant's sufficient and uncontroverted affidavits or depositions. 6 *Moore's Federal Practice* § 56.17[42] at 56–948–9. Where, however, there is a real issue as to credibility, or the moving party does not satisfy his burden of clearly establishing that

there is no genuine issue of material fact, then under basic principles of summary judgment law, the motion should be denied. *Id.*, at 56–952–3.

The essence of the plaintiff's claims of negligence, breach of express and implied warranties, and strict liability consists of the following allegations contained in the complaint:

(1) the defendant failed to provide an adequate door latch on the conveyor;

(2) the defendant failed to design the door so as to avoid such accidents;

(3) the defendant failed to provide adequate safety guards for the gear assembly of the conveyor; and

(4) the defendant failed to design said conveyor in a manner which would have eliminated the danger of injuries, as suffered by the plaintiff.

In support of its motion for summary judgment, the defendant argues that post-manufacturing alterations by plaintiff's employer rendered the conveyor defective and were the actual and proximate cause of plaintiff's injuries. Further, defendant contends that the plaintiff has failed to establish that there was a defect in the original design of the conveyor. Likewise, defendant contends that the warnings on the conveyor were adequate to prevent the type of injury involved in this case, and that the plaintiff has failed to establish that other warnings would or could have prevented this accident.

The defendant also attacks the affidavit of plaintiff's expert witness as insufficient under Rule 56(e) in that it lacks a factual foundation and is not based on personal knowledge. Finally, the defendant argues that, in any event, the affidavit of the plaintiff's expert is contradicted by the affidavits of the defendant's witnesses and experts and does not give rise to a genuine issue of material fact.

In opposition to the defendant's motion for summary judgment, the plaintiff makes several arguments. First, plaintiff asserts that alterations of the conveyor either did

not contribute to the accident or had, in fact, been made by the defendant. Second, plaintiff argues that the warning sign on the conveyor did not adequately warn of the existing danger which caused the accident (that of the latch slipping and the door falling) and that this danger was not open or obvious to a reasonably cautious person. Third, plaintiff states that the defendant has offered no evidence in support of its contention that the alterations, even if made by the plaintiff, caused or contributed to the accident, and that, in any event, evidence of a supervening cause does not, of necessity, preclude recovery. Fourth, plaintiff contends that an assumption of the risk defense is not applicable in this case in that the plaintiff cannot be held to have been aware of the risk that the latch might slip and, therefore, cannot be said to have voluntarily assumed the risk. Further, plaintiff could not be barred from recovery by assumption of risk where he had no alternative but to subject himself to the risk in order to perform his job. Finally, plaintiff contends that the testimony of his engineering expert establishes that the design of the conveyor was defective, and that the defendants have not refuted this affidavit.

## I.

Before addressing the issue of whether defendant has sustained its burden under Rule 56, the Court must consider the defendant's allegation that the affidavit of the plaintiff's expert witness does not conform to the requirements of Rule 56(e). In *Lowe v. Philadelphia Newspapers, Inc.,* 594 F.Supp. 123 (E.D.Pa.1984), the Court summarized the requirements of Rule 56(e) relating to the sufficiency of affidavits:

> Rule 56(e) mandates that affidavits submitted in opposition to a motion for summary judgment must state that they are based upon "personal knowledge" of the affiant. Affidavits prefaced upon "be-

lief" or "information and belief" must be stricken. (Cites omitted.) *Id.* at 126.

The defendant contends that the affidavit of Robert W. Nolan fails to aver that the statements contained therein are based upon his "personal knowledge" and that, therefore, the affidavit is inadequate and inadmissible for failure to satisfy the form and content requirements of Delaware Superior Court Civil Rule 56(e). A review of the federal case law [1] as well as treatises on federal practice and rules of evidence reveals that, on a motion for summary judgment, opinion testimony that would be admissible if testified to at trial may be properly set forth in an affidavit. *See, Moore's, supra,* at 56–1312 and *Lowe, supra* at 127, citing *Paton v. LaPrade,* 524 F.2d 862, 871 (3d Cir.1975).

Rule 703 of the Delaware Rules of Evidence, governing the opinion testimony of expert witnesses, provides an exception to the requirement that a witness' testimony must be based on personal knowledge. The facts or data upon which an expert bases his opinion may include non-admissible data if an expert in his field would reasonably rely upon such data in reaching conclusions. 3 *Weinstein's Evidence* at 703–9.

On a motion for summary judgment, however, the federal courts have enforced the requirement of Rule 56(e) mandating that an affidavit be based on personal knowledge in spite of the exception provided under the rules of evidence. *See, Lowe, supra* at 127 and *Scharf v. United States Attorney General,* 597 F.2d 1240, 1243 (9th Cir.1979).

Generally, such a formal defect may be waived absent a motion to strike or other objection. *Scharf, supra* at 1243. In addition, even in the event of a timely objection, the federal courts are apt to accept a statement in an amended affidavit to the effect that the facts stated in the affidavit are based on personal knowledge from observ-

---

**1.** The Delaware Rule being based upon the Federal rule and being substantially equivalent

thereto.

ing or evaluating the relevant evidence in fulfillment of the personal knowledge requirement. *Lowe, supra* at 127. In this case, the statement in Nolan's affidavit that his opinion was "based upon a description of the accident furnished to me by the plaintiff, and my own investigations and measurements" might suffice as a statement asserting personal knowledge, particularly given the more lenient standard afforded the affidavits of a party opposing a summary judgment motion. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed. 142 (1970), *Moore's, supra* at 56–1333. However, the affidavit under consideration in this case fails to satisfy an additional requirement under Rule 56(e) that an affidavit must be based upon "specific facts."

Rule 56(e) imposes an affirmative duty on each party to show that the material he presents in support of or in opposition to the motion would be admissible at trial. Wright & Miller, 10A *Federal Practice and Procedure* § 2738 at 484. Under both the rules of evidence and the requirements of Rule 56(e), an affidavit must set forth specific supporting facts. *See* D.R.E. 703–705, Superior Court Civil Rule 56(e). While an expert may base his opinion on inadmissible evidence when testifying at trial, in Delaware, before testifying, the expert must "first identify the facts and data upon which he bases his opinion and his reasons for the opinion, unless the court requires otherwise." D.R.E. 705. Because an affidavit is an *ex parte* statement by a witness whose demeanor cannot be observed and who is not subject to cross-examination, affidavits are considered the least satisfactory form of evidentiary material upon which to base a motion for summary judgment. *Wright* § 2738, *supra* at 467, *Moore's, supra* at 56–514. For that reason, and in accord with the rule in most jurisdictions that the expert witness must at least be able to identify on cross-examination the facts and data upon which he based his opinion even if he is not required to first identify the factual foundation of his opinion before testifying, the Federal

courts have held consistently, with regard to the use of affidavits both in support of, and in opposition to, summary judgment, that "while admissible opinion evidence in an affidavit … may be considered[;] … inadmissible opinion evidence, irrelevant evidence, and conclusions in an affidavit are not proper and will not be considered." *Mapco Inc. v. Carter*, 573 F.2d 1268, 1282 (Temp.Emer.Ct.Ap.1978) citing *Wright*, § 2738, *supra*. *See also, United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir.1981).

Thus, "in the context of a motion for summary judgment, an expert must back up his opinion with specific facts." *Guam, supra* at 700. If the affidavit does not set forth specific supporting facts, it must be stricken. *Id.* In this case, Nolan's affidavit contains only conclusory allegations which, without a factual foundation, do not amount to more than speculation and conjecture and cannot be tested or countered by the opposing party. An affidavit based only on conjecture is inadequate to oppose or support a motion for summary judgment. *See, Maldonado v. Ramirez*, 757 F.2d 48 (3rd Cir.1985) and *Hurd v. Williams*, 755 F.2d 306 (3rd Cir. 1985). Normally, these defects could be waived in deference to the non-moving party, and the affidavit could be reviewed to determine whether it does more than merely restate the pleadings and, in fact, raises a genuine issue of material fact. *Moore's, supra* at 56–1330, *Scharf, supra* at 1243. In this case, however, (although not identified as a motion to strike), the defendant has made a timely objection to this affidavit. Moreover, a review of the affidavit reveals that the conclusions of the plaintiff's expert do not, in fact, do any more than to restate the pleadings.

In the affidavit now under scrutiny, the plaintiff's expert draws several conclusions which he asserts are based on "information furnished to him by the plaintiff and his own observations and investigations." Nolan first concludes that the effect of the

addition of angle irons on the observation and inspection door had "a negligible effect on the behavior of the latch." Nolan does not give any basis for this conclusion other than to state that these angle irons added 28 pounds to the door and that this additional weight would increase the force in the chain by about 13 percent. No factual data is presented in support of these conclusions. Regardless of the veracity of the calculations of weight and force, these proffered facts offer no meaningful support for the conclusion that the addition of angle irons had "a negligible effect on the behavior of the latch." Nolan does not identify any facts or data upon which he bases his conclusion that the additional weight and force would have no significant effect on the behavior of the latch. Without identifying some underlying factual foundation for his opinion, the Court is left to conclude that his opinion is based only on conjecture and is, therefore, inadmissible opinion testimony.

Nolan draws several other conclusions similarly lacking in factual foundation: that the alteration of the hinges played no role in the occurrence of the accident; that at the time of the accident the door was secured by the original chain and not an added length of chain, but that even if it had been secured by the additional chain the accident would have been less likely to occur; that it would have been more prudent to design the inspection doors to open to the side because it was necessary to perform certain tasks while the machine was in operation; that the latch could have been designed to make it safer either by attaching a pin, changing the angle of the chain and latch, or making the latch in the shape of a hook; and that the warning signs were intended to guard against actually entering the conveyor area of the machine and not against opening the inspection door to adjust the machine. Nowhere in the affidavit does Nolan offer any factual foundation for these conclusions. In comparing these conclusions to the pleadings, it is clear that the opinion testimony contained in the affidavit of Robert W.

Nolan does no more than to restate the pleadings and does not raise a genuine issue of material fact in regard to the issue of the defendant's alleged negligence in the design and manufacture of the Kolman conveyor, or in regard to the plaintiff's claims of breach of express and implied warranties.

The cases and treatises are uniform in the conclusion that "an affidavit is no place for ultimate facts and conclusions of law, nor for the argument of the party's cause." *Moore's, supra* at 56–1312. Agreement also extends to the statement that "if the affidavit contains material facts, although these are intermingled with conclusions of law, the court may disregard the conclusions of law and consider the rest of the affidavit." *Id.* Likewise, if an affidavit contains some inadmissible matter, the whole affidavit need not be stricken or disregarded; the Court may strike or disregard the inadmissible parts and consider the rest of the affidavit. *Id.* at 56–1330. Upon examination of the plaintiff's expert's affidavit, however, it is the opinion of the Court that the affidavit contains no admissible material facts and that the entire affidavit should, accordingly, be stricken.

Concluding that the plaintiff's expert's affidavit is not admissible under the requirements of Rule 56(e) and the relevant rules of evidence, D.R.E. 703–705, does not necessarily lead to the conclusion that the defendant's motion for summary judgment should be granted. In support of its motion for summary judgment, the defendant relies principally upon the affidavit of an engineering expert, Ralph L. Barnett. The use of opinion testimony in affidavits in support of a motion for summary judgment is as carefully scrutinized as is the use of such testimony in opposition to a motion for summary judgment. *Maldonado, supra* at 51. Although no objection has been raised to the sufficiency of the defendant's expert's affidavit, the Courts are hesitant to allow a movant to rely solely on the conflicting affidavit of an expert witness in order to meet the burden of showing that

no material issues of fact are present, and that he is entitled to a judgment as a matter of law. *See, Federal Laboratories, Inc. v. Barringer Research Limited,* 696 F.2d 271, 274 (3rd Cir.1982).

While the Courts have held that opinion testimony is appropriately considered to support the existence of a disputed issue of fact when submitted to oppose the grant of summary judgment, *see, Paton v. La-Prade, supra* at 871, because opinion testimony is always subject to evaluation by the fact finder, it generally has been held not an appropriate basis for summary judgment. *Wright,* § 2738, *supra* at 502, citing *Sartor v. Arkansas Nat. Gas Corp.,* 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). In *Sartor, supra,* the Supreme Court held that the expert opinion of interested parties alone cannot establish a fact so that summary judgment is appropriate. Since *Sartor,* it has been held that "if the only issue upon which summary judgment is sought is one of the kind on which expert testimony must be presented, and nothing is present to challenge the affidavit of the expert, summary judgment may be proper." *Federal Practice, supra* at 503–4, citing *Castleberry v. Collierville Medical Association, Inc.,* 92 F.R.D. 492 (W.D.Tenn.1981). Nevertheless, even where the use of opinion testimony is deemed appropriate as a basis for granting summary judgment, it must also be kept in mind that:

> [s]ummary judgment is not to be granted merely because the moving party appears likely, or even very likely, to prevail at trial; the procedure is reserved for cases where the material facts are so clear that a trial would be an empty exercise in formalism.
> *Popham, Haik, Schnobrich, Kaufman & Doty, Ltd. v. Newcomb Securities Company, et al.,* 751 F.2d 1262, 1266 (D.C.Ct.Ap.1985).

Thereafter, if a motion for summary judgment is made and supported, the non-moving party must set forth specific facts showing that there is a genuine issue for trial and may not rest upon the mere allegations in his pleadings. Superior Court Civil Rule 56(e). "If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Id. See also, Tilden Financial Corp. v. Palo Tire Service, Inc.,* 596 F.2d 604 (3rd Cir.1979). However, the scope of this provision of Rule 56(e), which shifts the burden of a motion for summary judgment and requires the non-moving party to disclose the merits of his case, is limited. *Moore's, supra* at 56–1337. " 'Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.' " *Id.* quoting the Committee Notes to 56(e). The Committee Notes also specifically state that "[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." *Id.* This is in accord with the conclusion of the Supreme Court that opinion testimony is generally not an appropriate basis for summary judgment, particularly when it is noted that the evaluation of an expert witness by the fact finder almost always involves an evaluation of the expert witness' credibility. These observations also establish *a priori* that "an affidavit in support of a motion for summary judgment attacking the credibility of the opposing party's witnesses will be ineffectual." *Wright,* § 2738, *supra* at 504–5. A question of credibility, if raised by the record, is an issue that must be resolved at trial and precludes summary judgment. *Id.*

Turning then to the facts of this case, the Court must consider whether the issues of negligent manufacture and design and/or duty to warn are ones where the trier of fact would not be at liberty to disregard arbitrarily the testimony of the defendant's expert witness. *See, Castleberry, supra* at 494. If these issues are ones on which expert testimony must be presented and the defendant's expert has established that there was no negligence and that the warning was adequate, and

the plaintiff has presented no evidence challenging the affidavit of the defendant's expert, then the Court will be compelled to grant summary judgment in favor of the defendant, the defendant having established the absence of a genuine issue for trial and the plaitniff having failed to present opposing evidentiary matter.

In *Sartor, supra,* the Supreme Court held that the grant of a motion for summary judgment is often inappropriate where the evidence bearing on crucial issues of fact is in the form of expert opinion testimony. *Id.* 321 U.S. at 628–630, 88 L.Ed. at 972–973, 64 S.Ct. at 729–730. Two of the significant reasons for this rule were distilled by the Court of Appeals for the Fifth Circuit in *Webster v. Offshore Food Service, Inc.,* 434 F.2d 1191 (1970).

> First, the trier of fact is entitled to weigh credibility of the witness and to value his testimony in light of his demeanor on the stand. (cites omitted.) Second, and perhaps more important, is the general recognition that the trier of fact is not bound by expert testimony and may substitute its own common-sense judgment for that of the experts. (cites omitted.) *Id.* at 1193.

In *Webster, supra,* the Court of Appeals dismissed the first rationale as unpersuasive because the opposing party had offered no evidence in opposition to the motion tending to undermine the qualifications or credibility of the moving party's expert witness. *Id.* The Court felt that this first rationale was particularly unavailing in light of the opposing party's failure to attack the credibility of the expert witness because the expert testimony had been "offered by deposition and not by affidavit alone, thereby affording the appellant opportunity to cross examine ..." *Id.* As to the second rationale, the Court concluded that "the trier of fact would not be at liberty to disregard arbitrarily the unequivocal, uncontradicted and unimpeached testimony of an expert witness, where ... the testimony bears on technical questions of medical causation beyond the competence of lay determination." *Id.*

While, in this case, the plaintiff has not challenged the qualifications or credibility of the defendant's expert witness, neither has the plaintiff had the opportunity to do so. Moreover, the issues involved in this case are not such that "the trier of fact would not be entitled to substitute its own practical judgment even though the expert testimony be uncontradicted." *Id.* at 1194. The issues of negligent design and/or manufacture and of the duty to warn, standard in some products liability cases, are not so technically sophisticated as are issues of medical causation so as to warrant granting a motion for summary judgment on the basis of the defendant's expert witness' affidavit. This is especially true in this case.

The affidavit of the defendant's expert, Ralph L. Barnett, states that as originally designed and manufactured, "the forces generated in the chain/chainkeeper system due to the weight of the guard door and angle of attack of the chain, ... retain the chain in the chainkeeper once the chain is properly latched, unless the guard is subjected to a vertical lift." The affidavit contains elaborations of the effect of modifications which render the design defective and a conciusion that post-manufacturing modifications occurred to the Kolman conveyor involved in this case.

■ This testimony raises a question as to the actual and proximate cause of the accident involving the Kolman conveyor; however, it is far from presenting an unequivocal, uncontradicted determination of the issues of negligence and breach of express and implied warranty mandating the grant of a motion for summary judgment. In order for the negligence of a third party to absolve a negligent manufacturer, such negligence must be the sole proximate cause of the accident. Frumer, *Products Liability* § 11.04[3] at 254.11 (1985) citing *Gatlin v. Cooper Tire & Rubber Co.,* 252 Ark. 839, 481 S.W.2d 338 (1972).

The plaintiff has raised a question as to whether these post-manufacturing modifications, even if they can be said to exonerate the manufacturer of liability, in any way contributed to or caused the accident. The deposition testimony of David Christian suggests that the latch and chain on the door which fell on the plaintiff had not adequately held open the door prior to the accident and precipitated modifications of the door and chain. The testimony of this witness also raises a fact question as to where the chain was originally attached when the conveyor was assembled—in other words, whether or not this conveyor was assembled in accordance with a negligent design, improperly assembled or subsequently modified. The liability of the manufacturer is an issue under any of these circumstances. *See, Products Liability, supra* at § 11.04.

Although the defendant attacks the credibility of Christian's testimony, such issues of credibility, as noted previously, are not appropriate for disposition on a motion for summary judgment. *Wright,* § 2738, *supra* at 504–5. Likewise, the other issues raised by the defendant are not appropriate bases for granting summary judgment. All of these arguments call for a determination by the trier of fact. The issues of whether the danger of the door latch and chain slipping was open and obvious, whether there was a duty to warn and, if so, whether the warnings given were adequate, and whether the plaintiff can be said to have assumed the risk are all factual questions appropriate for the jury.

The defendant argues that post-manufacturing modifications were the cause-in-fact of plaintiff's injuries. Yet, this contention, even if accepted, does not preclude a finding that the defendant was liable. The record in this case raises a question as to whether these modifications were in fact deviations from the original design and, if so, who was responsible for them. The question of legal causation, which may cut off the liability of the manufacturer, involves issues of foreseeability, knowledge and the credibility of opposing witnesses and evidence. These are issues which should be left to the common sense of the jury.

The Court cannot rule, on the basis of the record in this case as a matter of law, that the defendant was not negligent. The defendant has not, on the basis of its expert witness' affidavit or the affidavits or deposition testimony of its employees, or those of the plaintiff's employer, established that there is no genuine issue of material fact for trial. Under Rule 56(e) "where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." *See,* Committee Notes to Rule 56(e). In any event, the plaintiff has not simply rested on his pleadings, but has presented evidence in the form of deposition testimony as to defendant's negligence in the manufacture and design of the conveyor and as to the adequacy of the warning on the conveyor. Summary judgment is, therefore, denied.

IT IS SO ORDERED.