OUTLET BOOK CO., INC., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 85-01-00012

(Decided August 17, 1987)

*White & Case (David S. Klafter* on the motion for the plaintiff.
*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division *(Barbara M. Epstein* on the motion) for the defendant.

MEMORANDUM OPINION AND ORDER

*Carman, Judge:* This action was commenced to challenge the United States Customs Service's (Customs) classification of several books containing a substantial or preponderant portion of graphic or pictorial matter. Plaintiff initially sought (1) reclassification of the books; (2) refund with interest of duties paid; (3) a declaration by the Court stating that all books entering the United States are entitled to duty-free treatment; (4) a declaration by the Court enjoining and restraining defendant from classifying any books under Item 274.6040, TSUS ("Lithographs on paper: Not over 0.020 inch in thickness * * * Other"); and (5) any other and further relief as to the Court may seem just and proper.

Plaintiff, now seeking relief only on its first, second, and fifth claims, moves for an order granting partial summary judgment pursuant to Rule 56 of the Rules of this Court. Defendant opposes the motion contending that there is a genuine issue of material fact, and, in the alternative, cross moves for summary judgment in its favor.

FACTS

In the spring of 1984, plaintiff imported into the Port of New York several shipments of books the titles of which include: *The Story of Prince Charles, Boston: A Picture Book to Remember Her By, Boy George and the Culture Club, Michael Jackson,* and *Landscapes of America (Landscapes).* Customs classified the merchandise as "[l]ithographs on paper: Not over 0.020 inch in thickness * * * Other" pursuant to Item 274.6040, TSUS, dutiable at a rate of 6¢ per pound. Plaintiff contests this classification arguing that the merchandise qualifies as "[b]ooks not specially provided for" pursuant to Item 270.25, TSUS, thus entitling it to duty-free treatment.

After denial of its protests pursuant to §§ 514 and 515(a), Tariff Act of 1930, as amended, 19 U.S.C. §§ 1514, 1515(a); 19 C.F.R. Part 174, plaintiff commenced an action in this Court in March, 1985. By stipulation of both parties, the Government consented to reclassify pursuant to Item 270.25, TSUS, all of the above mentioned books, except *Landscapes.* Inasmuch as the Government has consented to reliquidation of the merchandise in this action, other than *Land-*

*scapes,* this motion for partial summary judgment addresses only the collection of bound reproductions known as *Landscapes.*

The dispute centers primarily on whether *Landscapes* consists of a collection of lithographs. If so, the second issue to be addressed is whether the textual portion in *Landscapes* is sufficient enough to overcome the classification pursuant to Item 274.60, TSUS ("Lithographs on paper").

## DISCUSSION

In evaluating a motion for summary judgment, this Court must utilize the standards established by the Court of Appeals for the Federal Circuit as follows:

> [S]ummary judgment * * * is entirely appropriate * * * where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law * * *. The movant bears the burden of demonstrating absence of all genuine issues of material fact * * * the * * * court must view the evidence in a light most favorable to the nonmovant and draw all reasonable inferences in its favor * * * and must resolve all doubt over factual issues in favor of the party opposing summary judgment * * *.

*SRI Int'l* v. *Matsushita Elec. Corp. of America,* 775 F.2d 1107, 1116 (Fed. Cir. 1985) (citations and footnotes omitted). If a genuine dispute about a material fact exists, summary judgment must be denied. *Anderson* v. *Liberty Lobby, Inc.,* 106 S.Ct. 2505, 2510 (1986). The primary responsibility of the court on a motion for summary judgment is to determine whether there are any factual issues to be tried. *Heyman* v. *Commerce & Industry Insurance Co.,* 524 F.2d 1317, 1319–20 (2d Cir. 1975); *Dan-Dee Imports, Inc.,* v. *United States,* 7 CIT 241, 243 (1984); *Yamaha International Corp.* v. *United States,* 3 CIT 108, 109 (1982).

Furthermore, the existence of conflicting expert testimony indicates that there is a genuine issue of material fact. Where the affiants for both parties are in direct conflict, a motion for summary judgment must be denied. *I.C.D. Group, Inc.* v. *United States,* 9 CIT 291, 292–93 (1985); *Scharf* v. *United States Att'y Gen.,* 597 F.2d 1240, 1243 (9th Cir. 1979).

Based upon the pleadings and affidavits submitted, this Court finds that there are genuine issues of material fact, and summary judgment is therefore inappropriate. Plaintiff contends that because *Landscapes* is produced by an offset printing process, it therefore does not contain any lithographs. Relying upon the affidavits of two experts, plaintiff maintains that there is a clear distinction between lithography and offset printing. Both affiants describe lithography as a time-consuming process requiring great skill and effort. Consequently, lithographs are considered fine art and are generally made in limited editions, often numbered, and signed by the artist. In con-

trast, offset books are produced by a high speed mechanical process in which the emphasis is placed on economy and volume. Therefore, offset books have very different aesthetic goals, appearances, and usages from lithographs.

Conversely, while the defendant does not dispute that *Landscapes* is a book within the broad dictionary definitions of the term, the defendant contends that *Landscapes* is more properly classifiable as a collection of bound lithographs since the merchandise is produced by employing the offset lithography process. In reliance upon affidavits submitted by its experts, the defendant maintains that works produced by the offset lithography process are recognized in the trade as lithographs. The affiants for the defendant have also identified *Landscapes* as a collection of reproductions of photo art commonly known as "lithographs," and which is produced by offset lithography.

Another factual issue raised by the parties concerns the relationship between the pictorial matter and the textual portions of *Landscapes*. In differentiating books from lithographs, Customs bases its determination upon the relationship of the text to the pictorial matter. Customs considers whether the article is essentially a collection of bound lithographs or whether it is "more than" such a collection; in other words, whether the text illustrates the pictorial matter or the pictorial matter illustrates the text. Essentially, Customs will determine whether the "*primary value* of the merchandise to the user is the lithographic reproductions; not the text, and thus the specific use of the merchandise is as a collection of lithographs." Defendant's Memorandum at 27.

Plaintiff contends that the text contained in *Landscapes* discusses both the subject matter of the book and the reproductions of pictorial matter used to illustrate the text and the subject matter. According to the plaintiff the introductory text is approximately 10,000 words and fills 16 double-columned pages. Text and illustrations appear on all sides of the books' pages which are four sided folded leaves attached together by a sewn binding.

Defendant concedes that *Landscapes* contains text descriptive of the subjects. The defendant, however, disputes that the pictorial matter illustrates the text as the text illustrates the pictorial matter. According to the defendant "there is only a short sentence or two at the periphery of every two pages, identifying the two lithographs. The only other textual content consists of introductory text which does *not* describe the lithographs at all, but rather, merely discusses the scenic beauty of the United States in general * * *." Defendant's Memorandum at 22. Consequently the defendant has concluded that the textual content is not sufficient enough to overcome the tariff classification under Item 274.60

It is apparent that the assertions of fact are divergent in this case. Absent a clear showing as to the relationship of the text to the pictorial matter, these motions for summary judgment cannot be granted. *I.C.D. Group,* 9 CIT at 293.

CONCLUSION

In light of the above, the Court concludes that the conflict of expert opinion and factual assertions leaves unresolved material questions of fact. In order to properly evaluate the competing claims, additional evidence is necessary. Therefore, plaintiff's motion for partial summary judgment is denied. Defendant's cross-motion for summary judgement is also denied.