**Joseph MILLER, Plaintiff—Appellant,**

v.

**CORRECTIONS CORPORATION OF
AMERICA CENTRAL ARIZONA,
Defendant—Appellee.**

No. 05–35754.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2007.

Filed Aug. 28, 2007.

Joe P. Josephson, Esq., Josephson and Associates, Anchorage, AK, for Plaintiff–Appellant.

Michael D. Corey, Esq., Sandberg Wuestenfeld & Corui, Anchorage, AK, Daniel P. Struck, Esq., Eileen Dennis Gilbride, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendant–Appellee.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

MEMORANDUM *

Joseph Miller appeals from the district court's order granting summary judgment to Corrections Corporation of America ("CCA") for his negligence and third-party breach of contract claims against it. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's grant of summary judgment to CCA for Miller's negligence claim. We reverse, however, the court's grant of summary judgment to CCA for Miller's third-party breach of contract claim.

We review de novo the district court's order granting CCA's motion for summary judgment and must determine whether "there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir.2006). In making this determination, we view the facts and draw all reasonable inferences in the light most favorable to Miller. *See Scott v. Harris,* — U.S. ——, 127 S.Ct. 1769, 1774, 167 L.Ed.2d 686 (2007).

The district court granted summary judgment to CCA on Miller's negligence claim because it determined that Miller failed to provide sufficient evidence of proximate causation. We agree. Although summary judgment is generally inappropriate where conflicting expert reports are presented, *see Scharf v. U.S. Att'y Gen.,* 597 F.2d 1240, 1242–43 (9th Cir.1979), Miller's two expert witnesses did not offer opinions contrary to CCA's expert witness, who stated in his affidavit that earlier treatment could not have improved Miller's condition.

The district court granted summary judgment to CCA on Miller's third-party breach of contract claim because it concluded that prisoners were not intended beneficiaries of the contract between CCA and the State of Alaska. In light of the Alaska Supreme Court's recent decision in *Rathke v. Corrections Corporation of America,* 153 P.3d 303, 310 (Alaska 2007), we reverse. In *Rathke,* the Alaska Su-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

preme Court held that prisoners were intended beneficiaries of the contract and expressly disagreed with the district court's conclusion to the contrary in the instant case. *See id.* at 311 n. 33 ("We note that the United States District Court for Alaska has reached the opposite conclusion in a recent case based on Alaska contract law. To the extent that *Miller* is inconsistent with our analysis of the third-party beneficiary question . . ., we disagree with the decision." (citation omitted)). Accordingly, we remand Miller's third-party breach of contract claim to the district court for further proceedings consistent with this disposition.

AFFIRMED in part, REVERSED in part, and REMANDED. Each side shall bear its own costs on appeal.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.