# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | ) | |
| Assignee of Taylor, Bean & Whittaker Mortgage Corp., | ) ) ) | C.A. No. N10C-09-071 CLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROP MORTGAGE LOAN TRUST INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-SHL 1, et al., | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On this 30th Day of June and upon consideration of Regions Bank's ("Regions"), servicer for HSBC Bank USA, National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2007 SHL 1, Renewed Motion for Summary Judgment, it appears to the Court that:

1. On November 14, 2001, Anga N. Goodwin ("Goodwin")[1] granted a mortgage to Wells Fargo Home Mortgage, Inc. ("Wells Fargo") in connection with the purchase of a property for $124,642 (the "WF Mortgage"). The WF Mortgage was then assigned to the Secretary of Housing & Urban Development, which later assigned the WF Mortgage to SFJV-2002-1, LLC ("SFJV"). On May 3, 2007, Regions became the servicer for the WF Mortgage.

2. On July 14, 2008, Goodwin granted a mortgage to CitiFinancial for 176,029.05 (the "Citi Mortgage"). During the application process for the Citi Mortgage, a CitiFinancial representative forwarded a Request for Verification of Mortgage to J&K Servicing Company ("JK"). In June 2008, JK delivered a payoff statement to CitiFinancial. At the settlement, a settlement sheet was executed indicating payment to JK in the amount of $138,455. At closing, the proceeds were paid by a check from Citi to "Anga N Goodwin and JK Servicing C."

3. On September 18, 2008, Goodwin delivered a mortgage on the property to Taylor, Bean and Whitaker Mortgage Group ("TBWMG") in the amount of $199,750. TBWMG assigned that mortgage to the plaintiff in this case, Ocwen Loan Servicing, LLC ("Ocwen").

---

[1] Goodwin has used different variations of her name. Goodwin Dep. at 9:9-13:19 (Mar. 1, 2012).

4. On June 8, 2009, SFJV initiated foreclosure proceedings for the WF Mortgage.[2] Ocwen received notice of the foreclosure and initiated an investigation regarding the grounds for foreclosure. After instituting the foreclosure action, SFJV assigned the WF Mortgage to HSBC Bank USA, National Association ("HSBC") and HSBC became trustee for Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2007-SHL 1.

5. On November 7, 2011, Ocwen filed a three-count Amended Complaint against the defendants.[3] In Count I, Ocwen sought declaratory relief that the WF Mortgage was paid in full, that the WF Mortgage must be satisfied of record, and that Ocwen has the first lien on the property. On March 1, 2012, Goodwin was deposed.[4] In her deposition, she explained that JK was servicing the WF Mortgage in 2008, that she had previously corresponded and sent payments to JK for the WF Mortgage, and that she understood that proceeds from the Citi Mortgage were paid to JK. Goodwin testified that she provided JK's name to CitiFinancial because she had received paperwork from JK.

---

[2] *SFJV-2002-I, LLC v. Goodwin*, C.A. No. 09L-06-062 CLS (Del. Super.).
[3] The Original Complaint was filed on September 10, 2010.
[4] Ocwen's Response to Regions' Mot. for Summary Judgment, Ex. 2.

6. On August 15, 2012, Regions filed its first motion for summary judgment for Counts I and III of the Amended Complaint.[5] Regions asserted that it was the servicer of the WF Mortgage and that no proceeds from the Citi Mortgage were ever paid to Regions or Wells Fargo. Regions also asserted that there was no evidence showing that JK was a servicer for Wells Fargo or that JK even existed. On December 21, 2012, the Court denied Regions' motion because it found that a genuine issue of fact existed as to whether or not the WF Mortgage was paid when CitiFinancial made a payment to JK. Although the Court acknowledged there was evidence demonstrating that Regions was the servicer for the WF Mortgage, the Court also found that "Ocwen ha[d] presented evidence, mainly through Goodwin's testimony, that [] JK servicing was paid with proceeds from the CitiFinancial refinance in order to pay the WF mortgage."[6]

7. On September 3, 2013, Goodwin executed an affidavit in a related foreclosure proceeding.[7] In it, Goodwin conceded that her assertions in her Answer in this action, that the WF Mortgage was sold and transferred to JK, were false.[8] On October 7, 2013, Goodwin was deposed for a second time

---

[5] In the instant motion, Regions seeks summary judgment for only Count I of the Complaint.
[6] Order at 8 (Dec. 12, 2012).
[7] Trans. ID. 54214531; Regions' Renewed Mot. at ¶ 7.
[8] *Id*. at ¶¶ 3-4.

for the instant matter.[9]  Goodwin admitted that "large part of her testimony [on March 1, 2012] was not accurate."[10]  She also admitted that her testimony that JK was the servicer for the WF Mortgage and that she had received communications from and sent checks to JK was untrue.[11]  During the deposition, Goodwin's attorney provided details concerning Goodwin's involvement with a man named Thomas Robertson ("Robertson").  Goodwin confirmed that her attorney's statements were true.[12]  According to her attorney, Robertson was engaged in the business of "cleaning up credit reports with false information…"[13] Goodwin and Robertson worked together to refinance the property at issue through CitiFinancial.[14]  The two were aware that it was not clear to CitiFinancial whether there was a mortgage on the property.  Thereafter, they created documentation showing that JK was servicing a mortgage against the property.  Goodwin testified that JK "was not a real company" and that it did not receive the payment from CitiFinancial.[15]  Instead, East Coast Remodeling, a company that Robertson

---

[9] *Id*. at App'x 6.
[10] *Id.*
[11] *Id*. at App'x  9-10 and 13-14.
[12] *Id*. at App'x 20.
[13] *Id* at App'x 16.
[14] *Id*. at App'x 17.
[15] *Id* at App'x 21 and 24.

owned, and received the proceeds from the Citi Mortgage and Goodwin also received a portion.[16]

8. Regions has renewed its motion for summary judgment on Count I, arguing that there is no longer any issue of fact in dispute as to whether the WF Mortgage was paid through JK servicing due to Goodwin's admissions in her affidavit and second deposition. In opposition to Regions' motion, Ocwen argues that the inconsistent testimony concerns the weight of the evidence and demonstrates an issue of fact that should be considered by the trier of fact.[17] Ocwen also argues that the second deposition should not be given weight over the first because cross-examination was not completed at the second deposition and Goodwin's counsel's objections prevented full disclosure of the facts. The Court has great concern over counsel's objections, instructions to Goodwin not to answer questions, and his statements directing opposing counsel to file motions.[18]

9. A motion for summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part is entitled to summary judgment as a matter of

---

[16] *Id* at App'x 21-22.

[17] Ocwen compares the inconsistencies between the depositions in this case to other inconsistent statements which courts have considered, such as recantations in criminal cases, sham affidavits, and inconsistent testimony in depositions and trials

[18] *E.g.*, Pl. Ex. 2, Goodwin Dep. at 54:9-10 (Oct. 7, 2013)("If you want to question any further, you'll have to go file a motion").

law."[19]  When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party.[20] Where there is a material fact in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law, summary judgment is inappropriate.[21]  Similarly, where issues of fact are based on the credibility of a witness, the Court will not grant summary judgment.[22]

10. The Court finds that an issue of fact still remains as to whether the WF Mortgage was paid.   To find otherwise would require the Court to find Goodwin's testimony from her second deposition and any statements in her affidavit to be more credible than her testimony from the first deposition.  In this case, that finding is more properly reserved for the fact-finder and should not be determined by the Court at the summary judgment stage. Therefore, Regions' Renewed Motion is **DENIED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[19] Super. Ct. Civ. R. 56; *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[20] *Bailey v. City of Wilmington*, 766 A.2d 477, 479 (Del. 2001).
[21] *Tew v. Sun Oil Co.*, 407 A.2d 240, 242 (Del. Super. 1979).
[22] *Block Fin. Corp. v. Inisoft Corp.*, 2006 WL 3240010, at *3 (Del. Super. Oct. 30, 2006); *Lynch v. Athey Products Corp.*, 505 A.2d 42, 43 (Del. Super. 1985); *Young v. Delaware Auth. for Reg'l Transit*, 1983 WL 412267, at *1 (Del. Super. Aug. 2, 1983) *aff'd,* 494 A.2d 169 (Del. 1984).

7